# Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Morrey, Administratrix.

[No. 21,085. Filed June 23, 1909.]

1. APPEAL.—*Precipe.*—*Omission of.*—Where the clerk's certificate to a transcript shows that it contains a complete transcript of the proceedings below, the omission of a precipe therefrom does not affect the appeal. p. 515.

2. APPEAL.—*Precipe.*—*Insertion in Transcript at Wrong Place.*— The clerk's insertion of the precipe in the wrong place in the transcript does not require a dismissal of the appeal. p. 516.

3. APPEAL.—*Precipe.*—*Clerk's Certificate.*—Where a precipe called for a transcript of all papers and entries in the cause, and the clerk certified that the transcript contained copies of all papers and entries "filed" in his office and "recorded in the records" of his office, the transcript is sufficient. p. 516.

4. WORDS AND PHRASES.—*"Filed."*—The "filing" of a paper with the clerk, or in open court, imports that the paper was deposited with the clerk for official custody. p. 516.

5. PLEADING.—*Complaint.*—*Master and Servant.*—*Backing Engine Over Brakeman.*—A complaint alleging that defendant railroad company's engineer stopped the train, that the engine was detached and run forward to receive water, that it was the head brakeman's duty to couple said engine to the train when it was backed, that such engine was negligently backed and that the brakeman, having no knowledge of its backing, was on the track preparing to make the coupling when the engine ran over him, causing his death, that such engine was negligently and noiselessly backed without light, or signal, and the company negligently failed to light the yard, and that it was very dark, fails to state a cause of action. p. 516.

6. PLEADING.—*Complaint.*—*Recitals.*—*Master and Servant.*—*Notice.* —An allegation "that decedent, not having any knowledge that the train was backing in the darkness of the night, was run over by the defendant's engine," does not show that decedent was ignorant of the backing of the engine. p. 518.

7. PLEADING.—*Complaint.*—*Master and Servant.*—*Knowledge of Defects.*—*Want of.*—A complaint by a servant for injuries received because of defects must show such servant's want of knowledge of such defects, as well as a knowledge thereof by the master. p. 518.

8. PLEADING.—*Complaint.*—*Master and Servant.*—*Defects.*—*Ignorance of.*—*Allegations.*—*General.*—*Specific.*—Allegations of facts

VOL. 172—33

showing that a servant knew of the defects causing his injury, or had the same opportunity for knowing of them that the master had, overcome a general allegation of his want of knowledge. p. 519.

9. PLEADING.—Complaint.—Master and Servant.—Failure to Light Switch Yard or to Give Signals.—How Alleged.—Conclusions.—A complaint alleging that defendant railroad company negligently failed to light its switch yard, and negligently failed to place a light or signal on its engine, by reason whereof the plaintiff's decedent was killed, does not show a duty on the part of the company to light the switch yard or to provide lights or signals for the engine, such allegations also being bad as conclusions. p. 519.

10. PLEADING.— Complaint.— Master and Servant.— Defects.— Knowledge.—An allegation in a complaint that the defendant railroad company backed its engine, without light or signal, on a very dark night, shows that the brakeman whose duty it was to couple such engine to the train knew of the darkness and the absence of light or signal. p. 519.

11. PLEADING.—Complaint.—Master and Servant.—Where a complaint alleges that "decedent not having any knowledge that said train was backing in the darkness" took his place on the track "in the line of his duties, for the purpose of coupling said engine when backed to said cars," it is clearly shown that the decedent knew that the engine would be backed, and that he might expect it at any time. p. 520.

12. MASTER AND SERVANT.—Assumption of Risk.—Failure to Light Switch Yard.—Backing Engine Without Signal.—A brakeman who undertakes to couple an engine to cars knowing that the switch yard is dark and that the engine has no light nor signal, assumes the risks thereof. p. 520.

13. PLEADING.—Complaint.—Master and Servant.—Line of Duty.— Contributory Negligence.—A complaint alleging that decedent brakeman was on the track, in the line of his duty, ready to make a coupling and that the yard was very dark and the engine had no light or signal, does not show contributory negligence as a matter of law. p. 520.

14. NEGLIGENCE.—Elements.—Negligence imports (1) the existence of a legal duty, (2) defendant's breach thereof, and (3) plaintiff's proximately resulting injury thereby. p. 521.

15. PLEADING.— Complaint.— Negligence.— General Allegations.— Where a complaint shows the facts creating a legal duty, a general allegation that defendant negligently violated same is sufficient. p. 522.

16. PLEADING.— Complaint.— Negligence.— General Allegations.—A duty to another cannot be implied from a general allegation that a certain act was negligently done. p. 522.

17. PLEADING.—*Complaint.*—*Duty.*—*How Shown.*—A duty must be shown by alleging the facts from which the duty arises. p. 522.

From Superior Court of Madison County; *Cassius M. Greenlee,* Judge.

Action by Tempest Morrey, as administratrix of the estate of Harry Morrey, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment on a verdict for plaintiff for $7,000, defendant appeals. *Reversed.*

*Thomas L. Stitt, C. E. Cowgill, L. J. Hackney* and *Lovett & Slaymaker,* for appellant.

*Kittinger & Diven,* for appellee.

MYERS, J.—Appellee, as administratrix of the estate of Harry Morrey, deceased, instituted this action against appellant to recover damages for the death of decedent, by reason of the alleged wrongful act of appellant.

A motion has been made to dismiss the appeal (1) because of alleged insufficiency of the assignment of errors, (2) on the ground that the precipe is not copied into the record immediately before the clerk's certificate. By leave of court, the assignment of errors has been corrected by amendment. The precipe is copied into the record immediately following the index, and preceding the showing of the filing of the complaint, under a formal recital by the clerk of the fact, and the date of its filing, and is referred to in the clerk's certificate as the "above and foregoing precipe." The statute says it "shall be copied in the transcript immediately before the certificate;" but it has been held, and we think correctly, that the act of 1903 (Acts 1903, p. 338, §7, §667 Burns 1908) did not repeal §690 Burns 1908, §649 R. S. 1881, and that where, as here, the certificate of the clerk affirmatively shows

1. that it contains a transcript of all the proceedings below, it is sufficient without a precipe. *Rutherford v. Prudential Ins. Co.* (1904), 32 Ind. App. 423,

It is evident that the intention was to follow §667, *supra,* but that section with respect to the position the precipe shall occupy is directed to the clerk, and does not go to any substantive right of the parties, and when copied into the transcript, and referred to in the certificate, it clearly becomes a part of the record, and the purpose is subserved. It would be a very strained construction to hold that an appeal should be dismissed on so technical a basis.

Objection is also made that the certificate of the clerk is so defective as to require dismissal of the appeal. The language is "that the above and foregoing transcript contains full, true, correct and complete copies of all papers and entries in said cause filed in my office, as such clerk, and recorded in the records of this office, as required by the above precipe." The precipe calls for a transcript of all papers and entries in the cause. The use of the language, "filed in my office, as such clerk, and recorded in the records of this office," is surplusage. The certificate is complete without it; but it is insisted that it so qualifies the former language as to exclude all papers and entries not filed in his office, and therefore excludes all papers except the complaint, because technically they are filed in court, and not in his office. In some sense they are not filed in his office, but in the broader sense the words "filed in my office" include filing in open court. Entries made are parts of the records of his office, and the files are as well. Filing is depositing with him, for official custody, and by statute he is made the custodian. The motion to dismiss the appeal must be denied.

The complaint is in one paragraph, and the material allegations are, that appellee's decedent, while in the line of his duties as head brakeman on one of appellant's freight-trains, was run over and killed at about 12:30 o'clock a. m. at Greensburg, Indiana, where decedent's train stopped for the purpose of detaching the engine to procure water, and to enable the trainmen to obtain lunch

at a restaurant in appellant's depot; that the engine was detached, and run between three hundred and four hundred feet to a water-tank, and that decedent's duty was to couple the engine to the train when it was backed up; that the engine was backed from the water station to, or near to, the train from which it had been detached; that, having no knowledge that the engine was being backed in the darkness, decedent was run over and killed by it before it was backed up to its train to be attached; that decedent was upon the track, and going back to the train in the line of his duties, for the purpose of attaching the engine to its train of cars, when he was run over and killed.

The negligence charged was in failing and neglecting to have any lights in the switch yards, or any headlight or other light on the engine, where it could be seen by the decedent or any other person standing in the rear of the locomotive as it was backed; that there was no light of any kind or character on the rear of the locomotive, and no danger-signal given to notify and warn the decedent of the approach of the backing locomotive; that it was very dark, and the locomotive was backed noiselessly; that the locality was an extensive freight and switch yard, where there were many tracks, trains, locomotives and cars in close proximity to the particular locomotive; that there were no lights in the switch yard to warn the decedent of the approach of the locomotive, or indicate its backing up, and that these omissions caused his death.

A demurrer to this complaint for want of facts was overruled, and exception reserved, and an answer filed in general denial. There was a trial and verdict, and, over motions for judgment on the answers to the interrogatories, and for a new trial, judgment was rendered for appellee.

Errors are assigned as to the overruling of the demurrer to the complaint, and in overruling the motion for a new trial.

It does not appear from the complaint whether the de-

cedent had uncoupled the engine. It is alleged that he was in the line of his duties for the purpose of coupling the engine to the train. It is not alleged that the decedent did not know that there was no light or danger-signal on the rear of the engine, nor that he did not know that the yards were not lighted; nor are there any facts showing that any duty was owing to him as to their being lighted, or that they were different from what they had always been. It is alleged that it was very dark, and that there was no light or danger-signal on the rear end of said engine to warn him in regard to its backing; but no facts are alleged showing any duty owing to him in respect to having such danger-signal on said engine, or that it was neglected, unless it can be inferred from the general allegations that appellant carelessly and negligently failed to have such lights or danger-signals. It is not alleged that he had no knowledge of the backing up of the engine, unless it can be said to arise from the recitative clause, "That decedent, not having any knowledge that the train was backing in the darkness of the night, was run over by the defendant's engine." This latter clause is not sufficient to charge want of knowledge on decedent's part that the engine was backing. *Greenfield Gas Co.* v. *Trees* (1905), 165 Ind. 209; *Malott* v. *Sample* (1905), 164 Ind. 645, and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185; *Erwin* v. *Central Union Tel. Co.* (1897), 148 Ind. 365; *Avery* v. *Dougherty* (1885), 102 Ind. 443, 52 Am. Rep. 680; *Hay* v. *Bash* (1906), 37 Ind. App. 167.

6.

The allegation of the want of knowledge on the part of an injured servant must be as broad as the allegation of knowledge on the part of the master, and he must disclose an absence of knowledge of the defects or omissions of which he complains. *Chicago, etc., R. Co.* v. *Glover* (1900) 154 Ind. 584; *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531; *Louisville, etc., R. Co.* v. *Kemper* (1897), 147 Ind. 561; *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574;

7.

*M. Rumely Co.* v. *Myer* (1907), 40 Ind. App. 460; *Baltimore, etc., R. Co.* v. *Hunsucker* (1904), 33 Ind. App. 27.

It is a well-settled rule that where the specific facts alleged show a knowledge of danger, or the same opportunities for knowledge as the master has, these allegations will overcome the general allegation of want of knowledge. *Louisville, etc., R. Co.* v. *Kemper, supra; Peerless Stone Co.* v. *Wray, supra; Ames* v. *Lake Shore, etc., R. Co.* (1893), 135 Ind. 363; *Myers* v. *W. C. DePauw Co.* (1884), 138 Ind. 590; *M. Rumely Co.* v. *Myer, supra; Baltimore, etc., R. Co.* v. *Hunsucker, supra; Corning Steel Co.* v. *Pohlplatz* (1902), 29 Ind. App. 250.

What is the negligence which is invoked to authorize a recovery? What, under the allegations of the complaint, was the proximate cause of the injury? We understand from the complaint that the negligence charged is in failing to have the yards lighted, and in backing the engine without lights or danger-signals. As we have said, there are no allegations showing a duty as to lighting the yards, or as to having lights or signals on the engine, or as to the giving of signals, unless it can be inferred from the allegation that appellant carelessly and negligently failed to provide them. We cannot know from this allegation that it was practicable, or that it was appellant's duty to provide them. And if the allegation of carelessness and negligence in failing to provide them could be said to amount to an averment that it was such duty, the averment is insufficient, because it is a conclusion of law, averring simply that there was such duty. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, and cases cited.

It is alleged that the night was very dark, and the engine approached noiselessly, but it does not appear that there was any rule or duty imposed that it should carry or give any signal, nor is there any averment that the locomotive was improperly or negligently handled, other than its being handled without lights or danger-signals, and

it is the backing of the engine on a very dark night, in an unlighted yard, without lights or danger-signals to warn, which is the negligence alleged as the proximate cause of the injury. Knowledge of the fact that the yard was unlighted, or that there were no lights nor danger-signals displayed, is not negatived; that it was a very dark night is affirmatively alleged, and the legal inference is that these facts were known to the decedent. In fact it is difficult to perceive how this could be otherwise than known to the decedent. If the allegation, that "decedent not having any knowledge that said train was backing in the darkness," can be said to be an allegation of want of knowledge, it is rendered wholly nugatory by the allegation that he was "in the line of his duties for the purpose of coupling said engine when backed to said cars," clearly disclosing that he knew that the engine would be backed up to the cars, and that he might expect it at any time. It seems too clear for argument that the negligence sought to be charged consisted in the omission of lights and danger-signals to warn the decedent of the approach of the backing engine. In order to show a breach of duty creating a cause of action, the plaintiff must allege facts showing a duty to decedent, and that the decedent had no notice or knowledge of the fact of the absence of lights or danger-signals to give warning. Nothing to the contrary appearing, he may have known all about their absence, and, if so, assumed the risk, for it must appear by the allegations of the complaint that the risk was one not knowingly assumed as an incident of the service. *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 102 Am. St. 185; *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153.

The allegations of the complaint amount to this: That appellant carelessly and negligently failed to have the switch yard lighted, and to have any lights or danger-signals on the rear of the engine, so that the backing locomotive could be seen, though it was expected to back up

to be coupled to the train, and the decedent was there to do the coupling. The allegation that the decedent was then and there in the line of his duties is broad enough to embrace whatever is incident to his duties, and would embrace the fact that he was where he had a right to be, and contributory negligence would not be shown, as claimed by appellant, by his being killed while walking on the track before the engine was backed up to the coupling point, for it cannot be assumed that he was required to be and remain at the coupling point, for the line of his duties may have taken him elsewhere for the time being; nor would contributory negligence be shown by the complaint by his walking on the track, as claimed by appellant, for that might depend upon other considerations, such as the existence of no other safe place, or some requirement that he should be where he was, so that the fact as to whether he chose an unsafe place when there was a safe one is not presented. If it were shown that there was a safe place and an unsafe place, and he chose the unsafe place to walk, he might then be deemed to have assumed the risk, or to have been amenable to the charge of contributory negligence, but we cannot declare from this complaint as a matter of law that he was negligent in walking on the track on a dark night, even on a track upon which a backing engine was expected, so as to preclude a recovery in any event; nor can we say from the complaint that he was in pursuit of his own purposes, for it is alleged that he was in the line of his duties.

There are three elements necessary to constitute actionable negligence for personal injuries or death: (1) the existence of some legal duty owing to the party; (2) the omission or negligent performance of that duty; (3) injury to the party from such omission or negligence. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84; *Muncie Pulp Co.* v. *Davis* (1904), 162 Ind. 558; *Indianapolis Traction, etc., Co.* v. *Pressell* (1907), 39 Ind. App. 472.

If a legal duty is shown, a breach or violation of the duty

may be shown under a general allegation of negligence, but it is not sufficient to show both a legal duty and its violation. *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143; *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.*

A duty to another cannot be implied from the mere allegation that the act was negligently done, and it matters not how negligent appellant and its servants may have been, if they did not violate a duty owing to decedent. *Evansville, etc., R. Co.* v. *Yeager* (1908), 170 Ind. 139; *Chicago, etc., R. Co.* v. *Lain, supra; Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 17 L. R. A. (N. S.) 542.

There is nothing to show that it was the legal duty of appellant to have its yards lighted, or that there was any rule, direction or order requiring that the persons in charge of the engine, or other employes, should place lights or danger-signals on the rear end of backing engines, or that any signal should be given. If there were any facts, circumstances, rules or directions out of which a duty arose to have the yards lighted, or signals on the engine, or warning given, there should have been averments of such facts. Then the general allegation of negligence would have shown a breach of duty. *Chicago, etc., R. Co.* v. *Lain, supra.*

In the case of *Pennsylvania Co.* v. *O'Shaughnessy* (1890), 122 Ind. 588, the allegation upon which the complaint was upheld alleged the running by incompetent employes of a train, in disregard of the established rules of the company, and at a speed in violation of a city ordinance, without signal or warning, and that the brakeman was acting under the specific order of his superior, was where he was directed to be, and in the line of his duty, and was without fault or negligence.

In *Pittsburgh, etc., R. Co.* v. *Martin* (1901), 157 Ind. 216, appellee's decedent was where he had a right to be when an-

other employe,. in disregard of the established and well-known practice in regard to the use of a railroad track, and in violation of a city ordinance, ran a train against the train on which decedent was employed.

In *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364, appellee's decedent was injured by reason of the running of a train in violation of a city ordinance regulating the speed of the train, and without a watchman on the rear end of a backing train, and without ringing the engine bell, in violation of the city ordinance.

*Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319, was a case where the negligence charged was in failing to have a light on a moving car, in violation of a city ordinance.

*Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, was a case of negligence in running a train in violation of the speed ordinance of a city.

*Chicago, etc., R. Co.* v. *Stephenson* (1904), 33 Ind. App. 95, was a case where a fireman was under his engine cleaning the ash-pan, which could be done only in that way. His engine, which was in a proper place, was run into by the engine of another company having a joint use of the same "Y." After averments showing these facts, the negligence of the defendant was held to be the proximate cause of the injury.

In *Chicago, etc., R. Co.* v. *Cunningham* (1904), 33 Ind. App. 145, there was an allegation that, with the knowledge and consent of the railway company, its employes had for a long time been permitted to pass and repass over the tracks in the switch yard in going to and returning from work, and that an engine backing without warning or signal in the night-time, when it was raining, ran over the decedent. Under these allegations, it was held that the duty to exercise reasonable care was shown. Recovery was there denied, upon a finding by the jury that there was a path on each side of· the track, upon which the decedent could have walked with safety.

Here it is not shown that appellee's decedent or any one else ever used the track, or that there was no place for him to walk except upon the track, or that those in charge of the engine knew or had any reason to believe that he was there. Naught to the contrary being shown, his injury could as well have occurred in broad daylight as when it did.

*Cleveland, etc., R. Co.* v. *Goddard* (1904), 33 Ind. App. 321, was an action under the employers' liability act, in which the action was based upon the violation of a rule, and the rule was violated by the yardmaster, without notice to the decedent, from which violation and the lack of notice of it the injury resulted, and it was held, upon a showing of these facts, that an allegation that the defendant's negligence was the proximate cause of the injury was sufficient, unless contributory negligence is shown by the complaint, but in that case recovery was denied upon a finding of the jury that the decedent in the exercise of ordinary care could have seen the changed switch.

The foregoing cases are specially adverted to, and cited by counsel in support of the complaint, and we set out the material questions in each, as disclosing a very marked distinction between them and the case at bar. There is a well-sustained line of authorities that those engaged in a line of duty which requires them to be working upon railroad tracks are not required, as a matter of law, to look and listen, or to take the degree of precaution which might be required of others, on account of the necessity for their attention to be directed to their work, but even that rule will not excuse walking, or stepping on, or attempting to cross, a track in front of moving trains, neither doctrine having any application here. See 23 Am. and Eng. Ency. Law (2d ed.), 765-769.

We are not able to perceive any theory upon which the complaint can be upheld. Other questions are discussed as to alleged errors in giving and in refusing to give instructions, in refusing a new trial upon alleged newly-discovered

and insufficient evidence, and in overruling the motion for judgment on the interrogatories, which are not necessary to the decision of the case, and are not likely to arise upon revised issues, and no opinion is expressed in regard to them.

The judgment is reversed, with instructions to the court below to sustain the demurrer to the complaint.