## RETSEK v. HARBART ET AL.

[No. 21,951. Filed November 14, 1911.]

1. EXCEPTIONS, BILLS OF—*Instructions.—Including in General Bill.* —Where a precipe for a transcript excepted "the bill of exceptions containing the court's instructions to the jury, together with the reporter's longhand transcript of the evidence and its incidents," and the clerk certified that the transcript so

made contained copies of all papers and entries "except that the bill of exceptions containing the evidence and the court's instructions to the jury is the original," it is evident that appellant has attempted to make the instructions a part of the original bill of exceptions, and to bring them into the record as a part of such bill.   p. 443.

2.  APPEAL.— *Instructions.— How Made Part of Record.— Bills of Exceptions.*—Instructions cannot be brought into the record on appeal by incorporating them in an original bill of exceptions as authorized by §667 Burns 1908, Acts 1903 p. 338, §7, providing that "in case an original bill of exceptions shall be incorporated into the transcript * * * such original bill of exceptions shall * * * be considered as a part of such transcript." p. 443.

3.  APPEAL.—*Instructions.—How Made Part of Record.*—By incorporating them into the transcript, instructions which contain no memoranda on the margins thereof do not become a part of the record on appeal by virtue of §560 Burns 1908, §535 R. S. 1881, providing that "at the close of each instruction" the judge shall write "refused, and excepted to," or "given and excepted to," and shall subscribe and date such memorandum.   p. 444.

4.  APPEAL.—*Instructions.—How Made Part of Record.*—Under §561 Burns 1908, Acts 1907 p. 652, providing that exceptions to instructions may be taken orally and entered upon the minutes of the court, or by a signed and dated memorandum at the close of the instructions, such oral exceptions must be taken during the term and before the ruling on the motion for a new trial and be shown by a record entry, and if the exception be by memorandum, it must be dated; and such latter exception is considered taken at the time of signing and dating the memorandum, a recital in such memorandum of the time of taking the exception being insufficient.   p. 444.

5.  TRIAL.—*Instructions.—Requesting.*—Courts are not required to give requested instructions not signed by the party or by counsel.   p. 446.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by Praxida Retsek against August Harbart and others.  From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.  *Affirmed.*

*Crumpacker & Crumpacker,* for appellant.
*James F. Gallaher,* for appellees.

Cox, J.—Appellant, who was the owner of a certain lot in Michigan City, with a building on it, sued appellees—one the owner of an adjoining lot and the other a contractor—to recover damages for injury to her property, caused by the removal of the lateral support, by digging up and carrying away her soil and by erecting a brick wall upon her ground.

Issues were joined on three paragraphs of her complaint, and a trial by jury resulted in a verdict and judgment for appellees.

The only errors presented as cause for reversal are based on the giving of certain instructions by the court, and its refusal to give instructions tendered by appellant.

Counsel for appellees insist that neither the instructions given nor those refused are properly in the record. That appellant has attempted to bring the instructions before this court by incorporating them in, and making them a part of, the original bill of exceptions, is clear. By appellant's precipe for a transcript, the clerk was requested to make out and certify "a true, full and complete transcript of all papers, order-book entries, proceedings and files in said cause now on record in the office of the clerk, * * * excepting the bill of exceptions containing the court's instructions to the jury, together with the reporter's longhand transcript of the evidence and its incidents, and further excepting plaintiff's original complaint. Said bill of exceptions the clerk is hereby directed to insert in the transcript at the proper place, without copying it."

The certificate of the clerk is "that the above and foregoing transcript contains full, true and correct copies of all papers and entries in said cause, except that the bill of exceptions containing the evidence and the court's instructions to the jury is the original, as required by the foregoing precipe."

The contention of appellant's counsel, that §7 of the act of 1903 (Acts 1903 p. 338, §667 Burns 1908) authorizes the

bringing of instructions into the record on appeal by an original bill of exceptions, has been settled adversely to appellant. The question was given thorough consideration by this court in the case of *Curless* v. *State* (1909), 172 Ind. 257, and it was there held that said act of 1903 did not change the law as it had long prevailed, that matters contained in the original bill, other than the evidence and matters directly incidental thereto, must be disregarded as surplusage. It is true that was a criminal case, to which the act in question was not applicable, but the discussion of that act therein showed that the former decision of this court in the case of *Marshall* v. *Matson* (1908), 171 Ind. 238, holding that under our code the only original paper that may be incorporated in the transcript on appeal is the original bill of exceptions containing the evidence, as provided in §657 Burns 1908, Acts 1897 p. 244, and §667, *supra*, was well decided.

The instructions given by the court, and those requested by appellant and which the court refused to give, are found copied in the transcript, which shows that they were filed after the jury was instructed; and if it be conceded that they are properly there, it remains to be considered whether exceptions have been taken that are reviewable under any other provisions of the code. There is manifestly no attempt to take exceptions to the giving or refusing to give instructions under §560 Burns 1908, §535 R. S. 1881, for there is no memorandum "on the margin, or at the close of each instruction, 'refused, and excepted to,' or 'given, and excepted to,' " signed by the judge and dated as required by that section.

Section 561 Burns 1908, Acts 1907 p. 652, provides that "exceptions to the giving or refusing of instructions may be taken at any time during the term, and the same may be taken orally and entered upon the record or minutes of the court, or in writing at the close of the instructions requested, or given by the court of its own mo-

tion, in which case the party excepting or his counsel shall enter at the close of such instruction a memorandum, which shall be dated and signed, setting forth in substance that such party excepts to the giving or refusing, as the case may be, of each of the above instructions, designated by its number." It is further provided that such instructions, together with the exceptions and all entries in respect thereto, shall be a part of the record without bill, and as such may be included in the transcript on appeal. It will be seen that under the provisions of this section, exceptions may be taken and preserved for review in two ways—orally and in writing. When taken orally, the exception must be entered upon the minutes of the court, and on appeal the transcript must contain a copy of such entry, or the exception is not available for review. The transcript in this appeal does not show that an oral exception was taken to the giving of the instructions of which complaint is made. When the exception is taken by written memorandum at the close of the instructions given or refused, the memorandum must be dated and signed by the party or counsel. Here an attempt has been made to follow this method, but the exception to the instructions given, while signed by counsel, is not dated, and is therefore not a compliance with the provisions of this section.

The exception must at least be taken during the term, and before the ruling on the motion for a new trial, and an undated memorandum stating an exception conveys no knowledge as to whether this was done. An exception, when taken in writing under this section, is not taken until the memorandum is signed and dated. *Providence Washington Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 120 Am. St. 395; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245. Nor can a recital in such a memorandum, that "plaintiff at the time of the giving of the within instructions" excepted thereto, import the verity, and take the place of an entry on the minutes of the court showing an oral exception taken.

The instructions tendered by appellant, and which the court refused to give, cannot be made the basis of just complaint, even if it be conceded that the record discloses a proper and timely exception taken to the court's action, for the record shows that the instructions tendered were not signed by appellant or her counsel, and it has many times been held that in such case the court is not bound to give instructions. *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, and cases cited. The judgment of the lower court is affirmed.