## WELLINGTON v. REYNOLDS.

[No. 21,988. Filed January 24, 1912.]

1. NEGLIGENCE.—*Complaint.*—*Averments.*—In an action to recover for injuries suffered through defendant's negligence, the complaint must show a legal duty owing from defendant to plaintiff, a breach of the duty, and an injury to plaintiff as a result of such breach. p. 51.

2. NEGLIGENCE.—*Complaint.*—*Averment as to Duty.*—The duty owing from defendant to plaintiff, in an action on account of injuries suffered through defendant's negligence, must be shown by the allegation of facts from which the law will imply a duty, and not by direct averment. p. 51.

3. NEGLIGENCE. — *Complaint.* — *Allegation of Negligence.* — *Sufficiency.*—Where the facts alleged in a complaint for injuries caused by being struck by defendant's automobile, showed that defendant owed to plaintiff a duty to use ordinary care not to

run against him, the allegation that defendant "carelessly, negligently and wilfully" ran against plaintiff is a sufficient charge of negligence.   p. 52.

4.  NEGLIGENCE.—*Injury to Pedestrian.—Careless Driving.—Complaint.—Sufficiency.*—A complaint for injuries sustained by being struck by an automobile, alleging that after the automobile driven by defendant had followed plaintiff about sixty-five feet, gaining upon him constantly, the defendant negligently ran against plaintiff, sufficiently shows that defendant's automobile struck plaintiff and sufficiently connects the injury with a definite time and place.   p. 52.

5.  TRIAL.—*Instruction.—Negligence.*—An instruction that if there is no evidence on the question of contributory negligence by the plaintiff, or if the evidence thereon is equally balanced, the jury should find plaintiff free from contributory negligence, and if there is no evidence on the question of defendant's negligence, or if the evidence thereon is equally balanced, or preponderates in favor of defendant, it should find the defendant not guilty of negligence, is not misleading and does not invade the province of the jury.   p. 53.

6.  APPEAL.—*Harmless Error.—Verbal Inaccuracy.*—The use of the word "contributory" before the word "negligence" in reference to the negligence of defendant in an instruction, submitting the questions of contributory negligence and negligence, is a mere verbal inaccuracy and furnishes no ground for reversal.  p. 54.

7.  TRIAL.—*Instructions.—Construed Together.—Assuming Facts.* —An instruction in an action on account of injuries caused by negligence which told the jury that "before the plaintiff can be defeated in this cause of action on account of contributory negligence it must be proved by a fair preponderance of the evidence," is not objectionable as assuming that plaintiff had established a *prima facie* case, or as invading the province of the jury, when read and considered with reference to other instructions that plaintiff must prove all the material allegations of the complaint, including negligence of the defendant, and that he could not recover if his own want of ordinary care proximately contributed to the injury.   p. 54.

8.  APPEAL. — *Instructions. — Harmless Error.* — Instructions concerning the rights of persons to use all parts of a public street for the purpose of travel, even though not correct as applied to persons on foot generally, are not erroneous in an action by a pedestrian, for injuries sustained in being struck by an automobile, where defendant concedes that plaintiff was in the proper use of the street at the time of the injury.   p. 55.

9.  APPEAL.—*Brief.—Statement of Points.*—No question is pre-

sented by the "statement of points" in a brief which states that the court erred with reference to certain instructions therein set out without assigning any reason or citing any authority showing the court to be in error.   p. 55.

10. APPEAL.—*Briefs.—Points.—Waiver.*—Alleged error not properly presented in the statement of points in a brief on appeal is waived.   p. 55.

11. APPEAL.—*Weight of Evidence.—Rule.*—Where there is evidence to sustain the verdict a cause will not be reversed on the weight of the evidence.   p. 55.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Action by James Reynolds against James Wellington. From a judgment for plaintiff, defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*Kittinger & Diven,* for appellant.
*W. F. Edwards* and *P. B. O'Neill,* for appellee.

MONKS, J.—Appellee brought this action to recover damages for injuries caused by appellant's automobile running against him at the corner of Main and Ninth streets in the city of Anderson. Trial of said cause resulted in a verdict and judgment in favor of appellee.

Appellant first contends that the court erred in overruling his demurrer to the complaint. It is claimed that the complaint does not allege that there was a duty owing

1. from appellant to appellee at the time of the injury.

It is true, as contended by appellant, that the complaint in this kind of a case must show, (1) a duty owing from the defendant to the plaintiff, (2) a breach of that duty, and (3) an injury to plaintiff as a result of the

2. breach of duty. The duty must be shown by allegation of facts from which the law will imply a duty, and not by direct averment, and if facts are alleged which disclose a duty, then a general averment of negligence will make the complaint sufficient as against demurrer. *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574, 579, 76 N. E. 400.

The complaint in this case shows that appellee was in the center of Main street, running north, trying to catch a street-car; that appellant, driving his automobile, was coming up behind appellee, and gradually approaching him; that appellant saw appellee in the street ahead of him, but that appellee was unaware of the presence of the machine. The right of appellee to be in the street for the purpose of boarding a street-car is clear. Under the conditions alleged in the complaint, it was the duty of appellant to exercise ordinary care to avoid running against appellee. A direct allegation of this duty would merely have been a conclusion of the pleader, and could not have helped the complaint. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 89, 83 N. E. 632, and cases cited; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537, 540, 76 N. E. 163; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 252, 71 N. E. 218, and cases cited; *Jeffersonville, etc., R. Co.* v. *Dunlap* (1868), 29 Ind. 426.

As the facts alleged in the complaint show that appellant owed appellee a duty to use ordinary care not to run against him, the allegation that appellant "carelessly, negligently and wilfully ran against * * * plaintiff" was sufficient. *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 522, 88 N. E. 932; *Chicago, etc., R. Co.* v. *Lain, supra,* and cases cited.

The complaint is further attacked on the ground that it does not connect the injury with any definite time or place, and that it does not charge that appellant's automobile struck appellee, but that appellant in person ran into him. The part complained of reads as follows: "That on May 3, 1908, plaintiff came from the south part of the city on a Meridian street car, and was in the act of transferring at the aforesaid point to the Third street car, which said Third street car was moving away from the opposite side of Ninth street, the place where it was the custom

for it to wait for said passengers as aforesaid, and the plaintiff, believing he could wave to the conductor and have him stop the car, followed it, waving his hand, going forward on the east side of Main street, with his face to the north, and his attention being drawn to the car ahead of him, which he believed would stop for him, and without any warning to plaintiff, defendant, running an automobile going in the same direction of the plaintiff, and continued to gain on him, knowing the danger and knowing that plaintiff's back was toward the automobile, and he had no knowledge that said automobile was coming up behind him, and after said automobile, driven by defendant, had followed behind him about sixty-five feet, gaining upon him constantly, and plaintiff's back was still turned toward the automobile, defendant carelessly, negligently and wilfully ran against, knocked down and ran over plaintiff, and injured him internally, broke the bones of one of his feet, and bruised him in many places on his body and limbs." While the part of the complaint set out may not be a model, it is not open to said objections. The effect thereof was to charge that "defendant carelessly, negligently and wilfully ran against" appellee immediately "after said automobile driven by defendant had followed behind him about sixty-five feet, gaining on him constantly" and no one would suppose that the word "after" referred to some indefinite time subsequent to these events. No one would understand from reading the complaint that appellee was run into by appellant in person instead of by the automobile.

Instruction six, given by the court, informed the jury "that if there is no evidence on the question of contributory negligence on the part of plaintiff, or if the evidence on that subject is equally balanced, then you should find that plaintiff was free from contributory negligence; and if you find there is no evidence on the question of defendant's negligence, or if the evidence on that question is

equally balanced, or if the preponderance of the evidence is in favor of defendant on this question, then you should find that defendant is not guilty of contributory negligence.''

Appellant insists that said instruction was misleading and invades the province of the jury, ''when there was evidence on these questions allowed to go to the jury.'' Said instruction submitted to the jury the question of the contributory negligence of appellee and the negligence of the appellant, directing how the finding should be under the different conditions stated, and it is not open to the objection urged. The word ''contributory'' before the word ''negligence'' in the last line of said instruction, referring to the negligence of defendant, was improper, but this was a mere verbal inaccuracy, and could not have misled the jury, and, therefore, furnishes no ground for reversal.

Instruction seven is complained of on the ground that it assumed that appellee had established a *prima facie* case, and that it invades the province of the jury. The part of said instruction complained of reads as follows: ''Before the plaintiff can be defeated in this cause of action on account of contributory negligence it must be proved by a fair preponderance of the evidence,'' etc. In other instructions the jury was informed that appellee must prove all the material allegations of his complaint before he could recover, and that if he failed to prove that he received the injury complained of on account of the negligence of appellant, as alleged, he could not recover, and that if his own want of ordinary care proximately contributed to his injury, he could not recover. The instruction complained of must be read and considered with reference to all the other instructions in the cause, and when so considered it cannot be said that the court assumed that appellee had established a *prima facie* case, or that the court has invaded the province of the jury.

Appellant complains of instructions nine and ten, concerning the rights of persons to use all parts of a public street for the purposes of travel. While said instructions may be subject to criticism, yet even if they are not correct, as applied to persons on foot generally, they could not have harmed appellant, for the reason that appellee was in the street for the purpose of boarding a street-car, which was a proper use of said street, and this is conceded by appellant. Said instructions, as applied to him in this case, were, therefore, not erroneous.

In several of the "points" contained in appellant's "statement of points" it is said that the court erred in giving or in refusing to give certain instructions, setting out the instructions given or refused, without assigning any reason or ground why the giving or refusing to give them was erroneous, or citing any authorities showing that the action of the court complained of was erroneous. Points so stated in the statement of points present no question. No alleged error not properly presented in appellant's statement of points can be raised afterward in the brief, or in the reply brief, or in any other way, but it will be considered waived. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 460, 469, 78 N. E. 1033, and cases cited; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538; *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58, and cases cited; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind App. 30, 93 N. E. 678, 680, and cases cited.

It is next insisted by appellant, in effect, that the verdict is not sustained by sufficient evidence, and that it is contrary to law. It is evident that the rule, that this court cannot reverse a case on the weight of the evidence, is clearly applicable here. *American Varnish Co.* v. *Reed* (1900), 154 Ind. 88, 90, 91, 55 N. E. 224; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 158 Ind. 189, 195, 63

N. E. 224; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 51, 52, 85 N. E. 710, and cases cited.

Having determined all questions presented by appellant's statement of points, not waived *(Kelley* v. *Bell, supra,* 599), and finding no available error, the judgment is affirmed.

NOTE.—Reported in 97 N. E. 155. See, also, under (1) 29 Cyc. 566; (2) 29 Cyc. 567; (3) 29 Cyc. 569; (4) 29 Cyc. 572; 24 L. R. A. (N. S.) 557; (5) 38 Cyc. 1602, 1750; 14 Am. St. 36; (6) 38 Cyc. 1595; (7) 38 Cyc. 1778; (8) 38 Cyc. 1809; (9) 2 Cyc. 1016, 1017; (10) 2 Cyc. 1014; (11) 3 Cyc. 348. As to the duty and liability of persons operating automobiles on streets or highways, see 4 L. R. A. (N. S.) 1130; 13 Ann. Cas. 463; 21 Ann. Cas. 648. As to duty of pedestrians to look out for auto cars see 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232. As to reciprocal duty of operator of automobile and pedestrian to use care, see 38 L. R. A. (N. S.) 487.