THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* BOWEN, ADMINISTRATRIX.

[No. 22,098.   Filed January 21, 1913.]

1. NEGLIGENCE.—*Complaint.*—*Motion to Make More Specific.*—
Where the complaint in a negligence case alleges the facts con-
stituting defendant's negligence specifically and with such cer-
tainty that the precise nature of the charge is clearly apparent,
the court is justified in overruling a motion to make it more
specific.   p. 143.

2. APPEAL.—*Objections to Sufficiency of Complaint.*—*Failure to
Point Out Defects.*—*Briefs.*—No question as to the sufficiency of
a complaint is presented by assignment of errors in overruling
a demurrer thereto, where appellant's brief merely states that
the complaint does not state facts sufficient to constitute a cause
of action, without pointing out any particular in which it is
defective.   p. 144.

3. APPEAL.—*Assignment of Errors.*—*Overruling Motion for New
Trial.*—*Questions Presented.*—*Briefs.*—Where that part of appel-
lant's brief which is devoted to the propositions or points relied
on to show error in overruling the motion for new trial contains
nothing but the bare assertion of the error, there is no sufficient
compliance with the fifth clause of Rule 22 of the court to pre-
sent any question.   p. 144.

4. APPEAL.—*Briefs.*—*Statement of Evidence.*—No question as to
the sufficiency of the evidence is presented, where appellant's
brief contains a statement of what appellant concludes to be the
facts established by the evidence, instead of a condensed recital
of the evidence in narrative form as required by clause five of
Rule 22 of the Supreme Court.   p. 145.

5. APPEAL.—*Review.*—*Admission of Evidence.*—*Briefs.*—Error
predicated on the admission and rejection of certain testimony
is deemed waived, where appellant's brief neither gives informa-
tion as to where such rulings are to be found in the record, nor
shows that objections or offers were made or exceptions taken
to such rulings.   p. 145.

6. APPEAL.—*Record.*—*Instructions.*—*Questions Presented.*—No
question is presented as to the giving of instructions, or the
refusal of requested instructions, where such instructions are not
brought into the record by a bill of exceptions, and they are not
in the record under the provisions of §560 Burns 1908, §535 R. S.
1881, or of §561 Burns 1908, Acts 1907 p. 652.   p. 145.

7. APPEAL.—*Briefs.*—*Failure to Show Error.*—No question is pre-
sented on alleged error in overruling a motion for judgment on

the answers to interrogatories notwithstanding the general verdict, where the only point stated in appellant's brief is a bare reiteration of the assignment of error and no reason is shown to support the allegation of error.  p. 146.

From Johnson Circuit Court; *Wm. E. Deupree,* Judge.

Action by Belle Bowen, administratrix of the estate of John S. Bowen, deceased, against The Cleveland, Cincinnati, Chicago & St. Louis Railway Company.  From a judgment for plaintiff, the defendant appeals.  (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)  *Affirmed.*

*Frank L. Littleton, Smith, Duncan, Hornbrook & Smith* and *L. Ert Slack,* for appellant.

*Wm. A. Johnson, Dundas, O'Hair & Tanner* and *Carl H. Weyl,* for appellee.

Cox, J.—Appellee's decedent was a passenger on one of appellant's trains.  This train was wrecked by the explosion of a car-load of powder, which was a part of a freight train resting in transit on a siding of appellant's road and which the passenger train was passing as the explosion occurred.  As a result of the explosion and the ensuing wrecking of the car in which he was riding the decedent received injuries from which he died and this action was brought by appellee to recover damages for his death.  The cause was submitted to a jury on issues formed by general denials of each of three paragraphs of complaint and a general verdict for appellee was returned which was accompanied by answers to many interrogatories.  This appeal is brought from a judgment for appellee on the general verdict.

It is first claimed that the trial court erred in overruling appellant's motion to make each of the three paragraphs of appellee's complaint more specific in its allegations

1.  of negligence.  Answering the point made in appellant's brief in presenting this alleged error at least as specifically and as efficiently as it is made, the court did

not commit reversible error in this ruling. The allegation of the facts constituting appellant's negligence was specifically made and so certainly that the precise nature of the charge was clearly apparent and this was sufficient to justify the court in refusing to make it still more particularly definite and certain. §385 Burns 1908, §376 R. S. 1881. *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 296, 76 N. E. 1060; *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 667, 53 N. E. 641; *Grass* v. *Fort Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 81 N. E. 514; *Kelsay* v. *Chicago, etc., Railroad* (1808), 41 Ind. App. 128, 133, 81 N. E. 522.

2. Appellant demurred to each paragraph of appellee's complaint and assigns the overruling of these demurrers as error. But in the points in its brief on these alleged errors appellant's counsel content themselves with the general statement addressed to each paragraph that it "does not state facts sufficient to constitute a cause of action". No defect in the complaint is pointed out and under the rules prevailing no question of the sufficiency of either paragraph is presented. *Wellington* v. *Reynolds* (1912), 177 Ind. 49, 97 N. E. 155 and cases there cited; *Illinois Surety Co.* v. *Frankfort Heating Co.* (1912), 178 Ind. 208, 97 N. E. 158.

3. The next error assigned is the overruling of appellant's motion for a new trial. Under this assignment of error an attempt is made to question the correctness of the action of the trial court in overruling appellant's motion to require the jury to make more certain answers to a number of the interrogatories which had been submitted to it. But that part of appellant's brief devoted to propositions or points to show the error relied upon under the fifth clause of Rule 22, contains nothing but the bare assertion of the error. This is not sufficient to present any question. *Wellington* v. *Reynolds, supra; Illinois Surety Co.* v. *Frankfort Heating Co., supra.* This

rule of practice must also be applied to the points 4. in appellant's brief attempting to challenge the sufficiency of the evidence to sustain the verdict. Moreover no question of the sufficiency of the evidence is presented by appellant for another reason. Appellant's brief does not contain a condensed recital of the evidence in narrative form as required by the fifth clause of Rule 22. The evidence is not set out by condensed recital in narrative form but counsel for appellant have contented themselves with setting out in their brief what they conclude to be the facts established by the evidence stated in chronological order. This does not comply with the rule. *Huffman* v. *Thompson* (1912), 177 Ind. 366, 98 N. E. 113; *Webster* v. *Bligh* (1912), 50 Ind. App. 56, 98 N. E. 73.

Error in overruling appellant's motion for a new trial is sought to be shown based upon causes stated therein arising upon the admission and rejection of certain tes- 5. timony of a number of witnesses. Appellant's brief gives us no information where to find, in a very voluminous record, these rulings. It is not made to appear in the brief that objections or offers were made or exceptions taken to the court's rulings. This does not compel our consideration of these questions, but is deemed a waiver of them by appellant. See *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 99 N. E. 132, 134, and cases there cited; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538.

Appellant's motion for a new trial bases causes on the court's refusal to give certain instructions tendered by it. It also bases other causes on the giving of instruc- 6. tions requested by appellee and by the court on its own motion. The instructions are not brought into the record by bill of exceptions and there has been an utter failure to bring them in, either under §560 Burns 1908, §535 R. S. 1881, or §561 Burns 1908, Acts 1907 p. 652.

(See *Retsek* v. *Harbart* [1911], 176 Ind. 441, 96 N. E. 386). No question is therefore presented involving any instruction, either given or refused.

The final error relied upon for reversal is the overruling of appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict. The only point stated in appellant's brief on this question is a bare reiteration of the assignment of error. No reason for concluding that the court erred in this ruling is given. No conflict between any answer and the general verdict is pointed out. Under the rules which have been before referred to in this opinion the brief does not invoke a determination of the question.

Error in the trial not being shown the judgment is affirmed.

NOTE.—Reported in 100 N. E. 465. See, also, under (1) 29 Cyc. 646; (2) 2 Cyc. 1014; (3, 7) 2 Cyc. 1016; (4, 5) 2 Cyc. 1015; (6) 3 Cyc. 170.