MITCHELL, EXECUTOR, ET AL. v. BEISSENHERZ.

[No. 23,618.    Filed June 21, 1922.    Rehearing denied December 22, 1922.]

1. APPEAL.— *Record.*— *Certifying Original Papers.*— *Review.*— No original paper, document or record embodied in a transcript will be considered by the court on appeal, except the original bill of exceptions containing the evidence, so that questions arising on the instructions brought into the record can be reviewed on appeal. (*Spurlock* v. *State* [1916], 185 Ind. 638, *Brewster* v. *State* [1917], 186 Ind. 369, and *Miller* v. *Berne Hardware Co.* [1917], 64 Ind. App. 473, overruled.)    pp. 587, 591.

2. APPEAL.—*Record.*—*Duty of Appellant.*—It is incumbent upon one desiring to appeal to see that a proper record is brought up, and, if the clerk does not understand his duty, appellant's attorneys ought to help him, and should not ask him by praecipe to violate his duty by depriving himself of the custody of records of which he is custodian under the law.    p. 591.

From Marion Probate Court (1,098) ; *James M. Leathers,* Special Judge.

Action by Harry S. Beissenherz against William S. Mitchell, executor of the last will and testament of Agnes M. Binager, deceased, and others.    From a judgment for plaintiff, the defendants appeal.    *Affirmed.*

*Floyd G. Christian, Albert C. Pearson, Ralph H. Waltz* and *Ira W. Christian,* for appellants.

*Hottel & Patrick* and *Watson & Esarey,* for appellee.

TOWNSEND, J.—The probate of a will was set aside by jury.    The sole question in appellants' brief is error in giving and refusing instructions.    The praecipe calls for the original bill of exceptions containing the instructions.    It is admitted that the clerk has followed the praecipe.    It is also admitted that no exception is saved but by this bill.    This presents the question of whether this court should recognize for any purpose the action of the clerk of the trial court in depriving himself of the custody of papers, documents and records of the trial court.    There is no law, judicial or

statutory, authorizing the clerk to embody in the transcript on appeal any original paper except the bill of exceptions containing the evidence. This is as it should be. The reasons for this are abundant and obvious. The trial court should be permitted to keep before it and with its custodian, the clerk, all papers and documents on which it acts. Suppose a question arises as to an accidental or intentional change in some document or paper copied into a transcript. The question can be settled by *certiorari*. The trial court has the original documents in the hands of his clerk, the custodian designated by the law. But, if the original of the document is in the transcript, then there is no way to settle the dispute. The trial court should not be burdened with recollecting the details of every bill of exceptions and every paper filed in a cause. This would be impossible. But if that upon which the court acts is left with his custodian, the clerk, he may then have some assurance that what he finds there is the identical thing which he settled or acted upon. A transcript may be lost or destroyed. It may be changed accidentally. It may be changed purposely by the unscrupulous. These reasons do not apply to the bill of exceptions containing the evidence, because there is an official reporter, an officer of the court, appointed by the court, who has the shorthand notes of the evidence. In case of loss, destruction or change, this bill can be reproduced by one who is the court's officer, the one on whom the court does, as a matter of fact, rely to determine what evidence was introduced or excluded and what rulings were made.

No original paper was ever considered by this court until the law authorized an official reporter in 1873. Thereafter, pursuant to the code, the clerk was allowed to embody in the transcript the reporter's typewritten extension of his stenographic notes of the evidence as

settled by the court in a bill of exceptions. Even then it was first held that the clerk should copy the formal parts of the bill. There being no reason for this strictness, it was finally held that the clerk might put into the transcript, without copying, not only the reporter's longhand manuscript of the evidence, but also the formal parts of the bill. The most elaborate discussion of the whole subject is found in the opinion on petition for rehearing in *Curless* v. *State* (1909), 172 Ind. 257, 87 N. E. 129, 88 N. E. 339. The rule was then so well settled that this court in its original opinion said: "The Attorney-General insists that no question concerning instructions given or refused is presented by the record, because they are incorporated in the original bill of exceptions containing the evidence, and that embracing such original bill of exceptions in the transcript, as was done in this case, does not make them a part of the record here. The contention of the Attorney-General is sustained by *Williams* v. *State* (1908), 170 Ind. 644."

The earnest argument of counsel in that case led the court, on rehearing, to go into a history of the subject. In an able opinion the authorities are there brought forward and the legislation reviewed. (See Curless v. State, on rehearing, *supra*, on pages 263 to 269, 88 N. E. 339). In a later case, *Retsek* v. *Harbart* (1911), 176 Ind. 441, at page 444, 96 N. E. 386, it was considered that the opinion on rehearing in the Curless case, *supra*, and approval of *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339, settled the question. Of course, it had been so decided by an unbroken line of authorities from *Goodwine* v. *Crane* (1872), 41 Ind. 335, and *Reid* v. *Houston* (1874), 40 Ind. 181, up to and including *Retsek* v. *Harbart, supra.* Now the first departure from this rule is found in *Spurlock* v. *State* (1916), 185 Ind. 638, 114 N. E. 209. The clerk there inserted in the transcript an original bill of exceptions, which raised

the question of the right of a judge *pro tem.* to receive a verdict in a case in which the regular judge had presided. It is there reasoned that an original paper or document imports as much verity as a copy, and that refusal to consider it on appeal does not restore it to the lawful custodian. It is said, however, that it is the duty of the clerk, under the law, to keep the records of the trial court and not put them into a transcript. This duty of the clerk, recognized by that decision, is the cogent reason for refusing to consider an original embodied in a transcript; not that it imports less verity than a copy, nor that refusal to consider restores it, but because a court of review will not connive at, or countenance, depriving the trial court of its records. Courts are ordained and established to carry out and decide the law. A court of review must have respect for the rights of the trial court under the law. If the clerk should take a sheet from the order book and put it into the transcript, it would import as much verity as a copy. And to refuse to consider it would not restore it to the proper custody, but such refusal will discourage such violations of the law.

The trouble with breaking down a rule of this kind is, that there is no place to stop. Let us see if this is not true. The next case following *Spurlock* v. *State, supra,* is *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54, wherein an original bill containing instructions was embodied in the transcript. Next, we have the Appellate Court following these cases in *Miller* v. *Berne Hardware Co.* (1917), 64 Ind. App. 473, 475, 116 N. E. 54. There the praecipe called for the original motion for new trial, and the clerk followed the praecipe. We shall next have a praecipe asking the clerk to send up the trial court's records *in toto* without copying. Why not? If certified, they will import just as much verity as a copy. Suppose a praecipe asks for all the

original pleadings and papers in a cause, and the clerk sends them up. And suppose the judgment is reversed and cause sent back for retrial. Then the parties are back without a record. The transcript belongs to this court's records. It can be removed from this court only by petition and order. Such an anomaly will not be permitted. Courts must respect each other's rights to their records. A transcript is what the name implies, a copy. The only thing lawfully in a transcript, which is not a transcript at all, is the original bill of exceptions containing the evidence.

It is the business of one desiring to appeal to see that a proper record is brought up. If the clerk does not understand his duty, appellants' attorneys ought

2. to help him. At least they should not be asking him by praecipe to violate his duty, by depriving himself of the records of which he is custodian by law. *Spurlock* v. *State, supra; Brewster* v. *State, supra; Miller* v. *Berne Hdw. Co., supra,* are overruled on this point. The original and correct rule is re-established and adhered to.

Now, after all this talk, what is the rule? It is this: *No original paper, document or record embodied in a transcript will be considered by this court, except*

1. *the original bill of exceptions* containing the evidence.

If the members of the porfession will quit asking the clerk to violate his duty and will examine the transcript to see that he has not done so through ignorance or mistake, we shall have no more talk on this phase of the practice. The rule which we have invoked is sometimes referred to by the ignorant and unthinking as a technicality. As a matter of fact, when analyzed, it is a plain and necessary rule of law.

Judgment of the trial court is affirmed.