## POTTER *v.* STATE OF INDIANA.

[No. 13,889.   Filed November 14, 1929.   Petition for rehearing dismissed December 4, 1929.]

*Hubbard & Hubbard* and *John H. Fleming*, for appellant.

*James M. Ogden*, Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

McMAHAN, C. J.—Appellant was, by indictment, charged with the offense of maintaining a nuisance, a place where intoxicating liquors were sold, manufactured, bartered and given away in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage.

A trial by jury resulted in a conviction. Appellant's motion for a new trial, challenging the sufficiency of the evidence to sustain the verdict and the refusal of the court to give appellant's requested instruction 10, was overruled.

The uncontradicted evidence conclusively shows that appellant did maintain a place where intoxicating liquor was unlawfully sold as charged in the indictment. Appellant contends that there is no evidence that persons were permitted to resort to the place kept by him for the purpose of drinking intoxicating liquor, and that, although the evidence does show that he kept a place where such liquors were unlawfully sold, the verdict is not sustained by sufficient evidence. There is no merit in this contention. There is no evidence that appellant manufactured intoxicating liquors or that he bartered or gave any away in violation of law. According to appellant's contention, there could have been no conviction under this indictment if every allegation therein had been proved, except the charge of having manufactured the liquor.

A statute often makes punishable the doing of one thing or another, sometimes thus specifying a considerable number of things. An indictment under such a statute may allege, in a single count, that the defendant did as many of the forbidden things

as the pleader chooses, employing the conjunction "and" where the statute makes use of the word "or" and it will not be double, and the evidence will be sufficient to sustain a conviction if any one of the forbidden acts is established at the trial. *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403.

Instruction 10, requested by appellant and which was refused, would have told the jury there could have been no conviction in the absence of proof that persons resorted to appellant's place for the purpose of drinking intoxicating liquor as a beverage. The court correctly refused to give this instruction.

We also call attention to the fact that none of the instructions which the court gave the jury is set out in appellant's brief, as required by clause 5, Rule 22 of this court, as amended January 1, 1924. Appellant has also attempted to bring the refused instruction into the record in this court by having the clerk certify to this court the original special bill of exceptions whereby such instruction was made a part of the record in the trial court. The statute does not authorize such proceeding. It is only original bills of exceptions containing the evidence given at the trial that can be certified to this court without copying. *Mitchell, Exr.,* v. *Beissenherz* (1922), 192 Ind. 587, 135 N. E. 885; *Seibert* v. *State* (1929), 89 Ind. App. 604, 166 N. E. 256, 167 N. E. 542.

Judgment affirmed.