### Fishback v. Public Service Commission of Indiana et al.

[No. 23,943.   Filed March 8, 1923.   Rehearing denied May 31, 1923.]

1.  PUBLIC SERVICE COMMISSION.—*Approval of Lease.—Right of Appeal.—Statute.*—The approval of a lease of the property of one public utility by another, authorized by Acts 1913 p. 198, §95, §10052q3 Burns 1914, is a legislative act, from which no appeal lies to the courts. p. 285.

2.  PUBLIC SERVICE COMMISSION.—*Appeal.—Judgment in Injunction Proceedings.—Statute.*—An appeal from the judgment in an action to enjoin performance of a contract, which has been approved by the Public Service Commission, for the lease of property of one public utility by another, must be taken under the general practice act (§672 Burns 1914) within 180 days, and is not governed by the statute requiring an appeal from an order of the Public Service Commission fixing rates to be perfected within sixty days, or within "such further time as the Supreme Court may grant," as provided by §10052e3 Burns 1914, Acts 1913 p. 192, §83.   p. 285.

3.  APPEAL.—*Injunction.—Public Service Commission.—Statute.*—An appeal from the judgment in an action to enjoin performance of a contract, which has been approved by the Public Service Commission, for the lease of property of one public utility by another, must be taken under the general practice act (§672 Burns 1914) within 180 days, and is not governed by the statute requiring an appeal from an order of the Public Service Commission fixing rates to be perfected

within sixty days, or within "such further time as the Supreme Court may grant," as provided by §10052e3 Burns 1914, Acts 1913 p. 192, §83. p. 285.

4. APPEAL.—*Right to Appeal.—Extension of Time.*—Ordinarily, the Supreme Court will do all that is possible to save an appeal which has not been perfected in time because the parties thereto relied on acts of the court or its officers, although done without lawful authority, but where orders relied on were induced by affidavits made by appellant or his representative, and it appears from the record that statements in such affidavits were incorrect, appellant is not entitled to special consideration. p. 286.

5. APPEAL.—*Right to Appeal.*—An appeal under the provisions of one law cannot be maintained for the sole purpose of reviewing questions as to which the law requires appeals to be taken under a different law. p. 287.

From Marion Superior Court (101,192); *Solon J. Carter,* Judge.

Action by Frank S. Fishback against the Public Service Commission of Indiana and others. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*Woodburn Masson,* for appellant.

*Charles Remster, Henry H. Hornbrook, Albert P. Smith, Paul Y. Davis* and *Kurt F. Pantzer,* for appellees.

PER CURIAM.—The nature of this action and the character of the judgment appealed from are correctly stated in the brief for appellant, as follows:

"This action was brought * * * by Frank S. Fishback, as plaintiff, against the appellees, Public Service Commission of Indiana, Citizens Gas Company of Indianapolis, and Indianapolis Gas Company, as defendants, to vacate and set aside an order of the Public Service Commission authorizing the Citizens Gas Company to lease the plant and property of the Indianapolis Gas Company for a period of ninety-nine years, and to operate it with its own plant and property as part of

a consolidated system. The action also sought the cancellation of the lease made by authority of the order, and an injunction against appellees, the two gas companies, to prevent them from carrying out the provisions of the order."

Said order, as set out in the complaint, after reciting that certain changes were required to be and were made in the terms of the lease in question, was only that "the Commission, having examined said lease and being advised in the premises, now orders that the same be approved and spread upon the records of said Commission."

An affirmative answer having been filed by appellee to the first paragraph of complaint, appellant filed nine additional paragraphs of complaint, to each of which (after amendment), a demurrer was sustained. Appellant then filed a demurrer to said answer, which was overruled. Appellant refused to plead further, and on February 15, 1921, final judgment that appellant take nothing, and that appellees recover their costs, was rendered on the demurrers. No motions were filed by which the effect of the judgment was suspended, there was no prayer for a term appeal, and all that appellant is shown by the transcript to have done after the rendition of judgment was to file a praecipe, asking the clerk to prepare and certify a transcript of the record below.

The transcript and assignment of errors were filed in the Supreme Court on October 4, 1921, after the lapse of 231 days from the date of judgment. A motion to dismiss the appeal has been filed because it was not perfected within 180 days after judgment, in compliance with the provisions of the Practice Act. §672 Burns 1914, Acts 1913 p. 65, §2.

It appears that in April and June 1921, respectively, appellant filed in this court verified petitions stating that the action was to set aside an order of the Public

Service Commission authorizing the two gas companies to enter into a lease, "and fixing the rate at which gas should be supplied to the citizens of said city." And, upon each petition, an order of this court was obtained extending the right to appeal, under the provision of Acts 1913 p. 167, §83 (§10052e3 Burns 1914), which gives the right to appeal from an order fixing rates within 60 days, "or within such further time as the Supreme Court may grant." And in August, 1921, he obtained a further order extending to October 5, 1921, the time for filing his transcript, upon a petition showing that he had been given the other extension and that his transcript was not yet fully prepared. But §83, *supra,* has no application to an appeal from the refusal of the court to enjoin action under a lease approved by the Public Service Commission. §§10052q3, 10052r3 Burns 1914, Acts 1913 p. 167, §§95; 95½.

The approval of a lease of the property of one public utility corporation by another is a legislative act, from which no appeal lies to the courts, and the rem-

1-3. edy sought by appellant by each paragraph of its complaint was to enjoin performance of the contract of lease, for the alleged reason that the Public Service Commission had exceeded its authority in approving the lease, and that the gas companies had failed to perform certain conditions precedent, upon which their power to enter into the lease was alleged to depend. An appeal from the judgment in such an action must be taken under the General Practice Act (§672 Burns 1914, *supra*), within 180 days, and is not governed by the statute requiring an appeal from an order fixing rates to be perfected within sixty days, or within such further time as the Supreme Court may grant.

If a term appeal had been taken, there might have been statutory authority for the trial court (not this

court) to extend the time for filing the transcript until it could be completed by the clerk. Acts 1917 p. 71, §679 Burns' Supp. 1921.

But counsel for appellant verified an affidavit under date of July 30, 1921, in which he stated "that such transcript of about 1,400 pages has now been completed," but that it was not indexed or provided with marginal notes. This was two weeks before the expiration of 180 days from the date of judgment, so that the statutory power of the trial court to extend the time might well be doubted, even if the order of extension had been made by that court. Ordinarily, the Supreme Court will do all that is possible to save an appeal where the parties have relied on acts of the court or its officers, which were done without lawful authority. *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287; *Smythe* v. *Boswell* (1889), 117 Ind. 365.

But where orders made by the court were induced by affidavits, in which a representative of appellant made statements which, if correct, would have justified the action taken, and it appears from the record that the statements in such affidavits were incorrect, and that the court was not authorized to make such orders, appellant is not entitled to special consideration because he relied upon the orders thus obtained.

The law required that this appeal should be perfected within 180 days from the time the judgment was rendered. §672 Burns 1914, *supra.* It was not perfected until the 231 day.

The motion to dismiss is sustained, and the appeal is dismissed.

### On Petition for Rehearing.

Per Curiam.—The court does not charge nor do the judges believe that appellant or his counsel intended to mislead this court by his petition to extend the time

allowed for perfecting an appeal. But we do think he was mistaken. The petition filed in April stated that the cause was: "An action  *  *  *  to set aside an order entered by the defendant, Public Service Commission of Indiana, in a proceeding pending before said commission authorizing the Citizens Gas Company to take over by lease the plant of the defendant, Indianapolis Gas Company, in the city of Indianapolis, and to operate the same, *and fixing the rate at which gas should be supplied to the citizens of that city.*"

The one filed in June stated: "That such case was brought by him to review the action of the defendant, Public Service Commission of Indiana, in granting the petition of the appellees, Citizens Gas Company and Indianapolis Gas Company, to consolidate the properties of said companies under a leasehold arrangement, and *fixing the rate at which gas should be sold.*"

But the statement of the nature of the action, as quoted in the original opinion from appellant's brief, shows that all there is before this court for review is an action to cancel the lease, annul the order approving such lease, and enjoin the carrying out of that order. The brief, on petition for a rehearing admits "that appellant makes no point in his brief with reference to rates and that his discussion is confined to questions relating solely to the leasehold."

5. An appeal under the provisions of one law cannot be maintained for the sole purpose of reviewing questions as to which the law requires appeals to be taken under a different law.

The petition for a rehearing is overruled.