HILL *v.* LINCOLN NATIONAL BANK AND TRUST CO. ET AL.

[No. 27,091. Filed July 13, 1938.]

*Whiteleather & Whiteleather* and *H. W. Jacobsen,* for appellant.

*Gates & Gates* and *Bloom & Bloom,* for appellees.

PER CURIAM—This is an appeal from an interlocutory order entered by the Judge of the Whitley Circuit Court, in chambers, on May 24, 1938, ordering the appointment of a receiver for an insolvent partnership, and fixing the bond at $5,000. The finding and decision of the court made on that date is as follows:

"Come now again the parties herein by counsel and evidence continues and is concluded, final arguments of counsel heard and the court now finds

for the petitioners that said partnership is insolvent and that a receiver should be appointed to take charge of and conserve assets of said partnership for the creditors thereof, to which ruling of the court the defendant, C. Max Hill, excepts. The court now fixes the receiver's bond herein at $5,000.00."

This finding and decision is followed by the following order book entry:

"And afterwards, on the 25th day of May, 1938, the same being in Vacation, of said Whitley Circuit Court, the following further proceedings were had by said court in said cause, to-wit: . . .
"The court now appoints Marion Egolf as Receiver herein. Comes now Marion Egolf and accepts said trust and takes oath and qualifies and tenders his bond herein, . . ."

The appellant has undertaken to appeal from the decision of the Judge of the Whitley Circuit Court, entered in vacation, pursuant to the provisions of Section 3-2603 Burns' Ind. St. 1933, §1157 Baldwin's Ind. St. 1934, which section provides:

"In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party aggrieved may; within ten (10) days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; . . ."

The appellant, on June 2, 1938, served notice on appellees of his intention to appeal to this court, as follows:

"You and each of you are hereby notified that the undersigned defendant in the above entitled cause will appeal to the Supreme Court of the State of Indiana from the judgment rendered against him and in favor of the above named plaintiffs in said cause which cause was tried before Hon. Rob R. McNagny, Judge of the Whitley Circuit Court, in chambers, on the 24th day of May, 1938.

"You will therefore govern yourselves accordingly."

The transcript and assignments of error were filed in the office of the Clerk of the Supreme Court on June 4, 1938, eleven days after May 24th.

The appellees have moved the court to dismiss the appeal for the reason that appellant did not perfect the same within ten days as provided by the statute above quoted. The appellant contends that the appeal was filed in time for the reason that it was filed within ten days from the date the receiver was named and qualified. Therefore, it becomes necessary for the court to determine which of two dates, May 24th or 25th, shall be regarded as the date when the ten-day period began to run.

It will be noted that said Section 3-2603 provides that an appeal may be taken from the *decision* of the court within ten days thereafter. It has been held that the statute must be strictly followed because it is a special statute conferring a right to appeal from an interlocutory order. *Daugherty* v. *Payne* (1911), 175 Ind. 603, 95 N. E. 233; *O'Malley* v. *Hankins* (1935), 207 Ind. 589, 194 N. E. 168.

This court does not acquire jurisdiction until all the steps required by the statute authorizing the appeal have been taken, including the filing of the transcript and assignment of error. The receivership came into effect on May 24th and owes its existence to the court's order made on that date. In legal effect, the order was a decision of the court appointing a receiver for the partnership of which it was ancillary. Exceptions were taken to that decision. Notice was given by appellant to appeal therefrom. Under the statute, the appeal would lie within ten days after the decision. The fact that the receiver was not named until the next day is not of controlling importance. He was

named by reason of the decision of the court entered on May 24th. The record does not disclose any objection to the person named as receiver or exception to his appointment. On the contrary, the appellant squarely placed himself on record by serving notice that he was appealing from the judgment and decision of May 24th.

Since the transcript and assignment of error was not filed in the office of the Clerk of the Supreme Court until eleven days thereafter, it necessarily follows that the appeal was not filed in time. Because of the failure of the appellant to perfect his appeal pursuant to the statute, the same is hereby dismissed.