SMITH, COUNTY AUDITOR *v.* AMERICAN CREOSOTING COMPANY, INC.

[No. 27,911. Filed October 19, 1943.]

*Kivett, Chambers & Kivett,* of Indianapolis, *Robert L. Mellen,* of Bedford, and *Austin East,* of Bloomington, for petitioner.

*Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, and *Winston, Strawn & Shaw,* of Chicago, Illinois (*James H. Cartwright, Hubert Hickam* and *Alan W. Boyd,* all of Indianapolis, of counsel), for respondent.

RICHMAN, J.—There was litigation in the Lawrence Circuit Court between Donald Smith, Auditor of Lawrence County, hereinafter referred to as petitioner, and American Creosoting Company, Inc., hereinafter called respondent, which was concluded by a decree permanently enjoining petitioner from listing certain property on the tax duplicate. When his motion for a new trial was overruled he prayed an appeal to the Appellate Court of Indiana and was granted sixty days within which to file all bills of exceptions. On the day the time for so filing expired he filed in the trial court a petition for extension of time alleging diligence on his part and inability of the court reporter within the time originally granted to transcribe the evidence for the bill of exceptions. His petition was denied. Later, but still within the time for filing transcript and assignment of errors in the Appellate Court, he filed in that

court a petition for an order extending the time for filing transcript and assignment of errors and requiring the trial court to extend the time for filing the bill of exceptions. Respondent entered a special appearance in the Appellate Court and filed objections to the granting of the petition. The petition and also the objections detail facts with respect to diligence of petitioner. An order was entered by the Appellate Court "denying" the petition. There was no written opinion of that court. A petition for rehearing was overruled. Within twenty days thereafter petitioner filed in this court a petition in two paragraphs seeking to review the decision of the Appellate Court. Respondent has filed a motion to dismiss this petition for lack of jurisdiction.

It is asserted by petitioner, on information and belief, that the Appellate Court considered itself without jurisdiction under Rule 2-2, 1940 Revision, and for that reason "denied" the petition for extension of time. A court speaks by its records. The only records before us are silent as to the grounds for the decision. That the petition was "denied" rather than dismissed indicates that it was considered and decided upon the merits. The fact that the order book entry recites that the court "being advised in the premises" denies the petition also affords an inference that the decision was on the facts. *State* v. *House, Mayor* (1918), 187 Ind. 353, 357, 118 N. E. 528.

In the light of the principles stated in *Warren* v. *Indiana Telephone Co.* (1939), 217 Ind. 93, 26 N. E. (2d) 399, we think that our jurisdiction to examine the questions presented by the petition for review cannot seriously be questioned. If through no fault of his own a litigant should by the action or inaction of a ministerial officer of the trial court or the erroneous arbitrary action of either the

circuit or Appellate Court be circumvented from perfecting an appeal to which otherwise he would be entitled, some remedy could be found in aid of this court's constitutional appellate jurisdiction. Happily no such problem is before us. We need only determine whether the Appellate Court, which under Rule 2-2 may "in its discretion" grant time, abused its discretion in denying the relief.

Subdivision III of respondent's objections reads as follows:

> "The facts alleged in the petition show that the petitioner has not exercised due diligence notwithstanding his alleged conclusion of said diligence for the following reasons:
>
> "The petition shows on its face that the petitioner was on July 22, 1943, advised by the reporter that she would try to have the transcript of the evidence ready for delivery on July 24, 1943. It also shows on its face that petitioner did not inquire again until July 26, 1943, even though he knew on July 24, 1943, that said transcript had not been delivered as promised. A three-day notice of an application for extending the time for filing the same, specifying a day prior to July 27, 1943, for hearing thereon, in full compliance with Sect. 2-3107, Burns' Ann. Stat. 1933, could have been filed on July 22, 1943. Instead he chose to take the risk."

In Subdivision IV respondent asserts that the petitioner, under the actual existing facts, did not exercise due diligence in procuring a bill of exceptions containing the evidence prior to the expiration of the time first given, July 27, 1943, for four reasons which we have condensed as follows:

(1) Petitioner and his counsel knew at all times that the court reporter had had a responsible job in war work since February 24, 1943, and therefore could devote very little time to the preparation of a transcript in this cause.

(2)   There was only one witness whose testimony was during June transcribed in fourteen pages.   The other evidence consisted of documentary exhibits which could have been copied by other stenographers.

(3)   On receiving the reporter's telegram at 8:00 a. m. on July 26, 1943, petitioner on authority of *Department of Financial Institutions* v. *Neumann* (1939), 217 Ind. 85, 89, 26 N. E. (2d) 388, could have incorporated the completed transcription of the four-teen pages of oral testimony with the original exhibits in the bill of exceptions and have filed the same within the time given.

(4)   On July 22, 1943, the court reporter told peti-tioner that "she would try to have it ready for delivery on July 24, 1943."   Respondent asserts that this state-ment and the wording of the reporter's telegram of July 26th, show that no definite assurance of comple-tion was given petitioner.   Under such conditions re-spondent states, "due diligence" would have required petitioner on July 22nd to. seek an extension of time for filing the transcript.

The issues formed in the Appellate Court presented the factual question of "due diligence" on the part of petitioner.   While there is conflict between the parties as to the ultimate fact, we find in peti-tioner's version little variance from the eviden-tiary facts above set forth.   Ordinarily a decision upon conflicting evidence will not be disturbed by a review-ing court.   Certainly we cannot say that the Appellate Court abused its discretion in holding upon those facts that petitioner had not shown "due diligence."

There is no necessity for discussion of Rule 2-2, 1940 Revision, since all appeals taken after September 6,

1943, are governed by the 1943 Revision. Rules 2-2 and 2-3 should be read together. It is no longer necessary to procure either from the trial or Appellate Court the grant of time for filing bills of exceptions. So long as they are filed in time for incorporation in the transcript they become a part of the record. Nor can there be any doubt of the right of the appellate tribunal, upon proper showing, to extend time for filing the transcript and assignment of errors, which *ipso facto* carries forward the time for filing the bill of exceptions.

Respondent's motion to dismiss the petition is overruled. The order of the Appellate Court dated September 27, 1943, is affirmed.

NOTE.—Reported in 50 N. E. (2d) 915.