GILKISON, ET AL. *v.* DARLINGTON, ET AL.

[No. 17,844. Filed May 6, 1949.]
(For Opinion of merits see Ante p. 28.)

Albert H. Gavit, of Gary, Buschmann, Kreig, DeVault & Alexander and Mathew E. Welsh, all of Indianapolis, Leo P. Rieder, of South Bend, C. Ballard Harrison, of Hammond, and C. Wendell Hamacher, of Crown Point, for appellant.

Owen W. Crumpacker, Edward J. Ryan, of Hammond, for appellee Darlington. John F. Beckman, Jr., city attorney of Hammond, for appellees, City of Hammond, Vernon C. Anderson Mayor, et al.

ROYSE, P. J. Appellants have filed in this court their petition for authority to incorporate original exhibits in their general bill of exceptions.

Their petition avers, in substance, that this action is an attack by appellee Darlington on over one hundred separate judgments or decrees in causes of action against the City of Hammond for the sum of $958,000. It asserts the write-up of the oral testimony requires four or five large volumes. It is then alleged, in part, as follows:

"In addition the plaintiff, Darlington, introduced in evidence every record of the Lake Superior Courts, Rooms One and Five, in every one of these more than one hundred (100) cases that resulted in city liability judgments or decrees.

"In every one of these cases all the pleadings and cross-pleadings and all the motions were introduced.

"In every one the judgment or decree was introduced.

"In every one there were special findings of fact and conclusions of law and these findings and conclusions in each of the cases averaged at least fifteen (15) pages, and alone in the aggregate amount to not less than two thousand (2,000.00) pages.

"In addition, in every one of those city liability cases the courts' docket sheets were introduced.

"In many (but not all) of these city liability cases the foreclosure aspects of the case with respect to assessments that never had been collected were in the same action as the city liability phases of the matter for assessments that the City had collected but had diverted, and in the course of introducing court records and proceedings the plaintiff, Darlington, introduced not only all records as above stated that might be said to pertain to the city liability decrees but also all of the foreclosure records. In many of these cases the foreclosure records were extremely voluminous.

"In addition, once a foreclosure decree was rendered, the practice was for the court to appoint a trustee to bid in the property at foreclosure sale for the bondholders and then for the court to continue jurisdiction over that trust and trustee through the final liquidation of the last of what typically were hundreds of separate parcels of real estate.

"In addition, all the records including its minute books and ledgers of Lake Assessments Bonds Service, Inc. were introduced because it had acted on behalf of Barrett Law bondholders and the same was done with respect to another corporation engaged in similar activities, to-wit: Northwestern Investment Company.

"In addition, every check of the City of Hammond involving any disbursement of any Barrett Law funds to anyone for about ten (10) years were produced. There are several thousand of those checks.

"In addition, all the disbursement sheets or schedules of the City of Hammond showing to whom and of what amounts and on what bonds and coupons and on what issue disbursements were made to anyone on Barrett Law funds for about ten (10) years were produced.

"There was the most extreme duplication of exhibits. For instance, the original signed special findings of fact and conclusions of law in each of the city liability cases were generally in duplicate in the court jackets and in such cases both copies went into evidence. Further, every one of these findings and all of the conclusions were also entered in the appropriate order books and these order books also went into evidence.

"The Porter Circuit Court entered a special finding of facts. That alone is over one hundred (100) pages in length.

"At best only an approximation can here be given as to the amount and number of documents admitted in evidence but a conservative estimate is ten thousand (10,000) pages."

It then avers, in substance, that if the reporter is required to make copies of all documentary evidence admitted or offered, it would take him more than a year to do so in addition to carrying on his other duties as reporter of the Porter Circuit Court; that the cost would be prohibitive; that it was the contention of plaintiff that some of the exhibits showed evidence of spoliation and interlineations; that such condition could not be disclosed except by the original exhibits.

Appellees have filed their written objections to the granting of the foregoing petition. Among the numerous reasons set out in their objections, they assert this court does not have jurisdiction to grant appel-

lants' petition. Appellants filed their reply to these objections.

In the case of *Department of Financial Institutions* v. *Neumann* (1940), 217 Ind. 85, 26 N. E. 2d 388, the Supreme Court determined the type of originals which may be and those which may not be incorporated in a bill of exceptions.

In view of the fact that we have granted an extension of time to file the assignment of errors and transcript in this case, and the statement in appellants' petition of the length of time it will require the reporter to make copies of the exhibits, we believe it would be well to point out that documentary exhibits may be copied by other stenographers. *Smith, County Auditor* v. *American Creosoting Company, Inc.* (1943), 221 Ind. 613, 618, 50 N. E. 2d 915.

In the case of *Hill* v. *Lincoln National Bank and Trust Co. et al.* (1938), 214 Ind. 451, 453, 15 N. E. 2d 1019, the Supreme Court said:

> "This court does not acquire jurisdiction until *all* the steps required by the statute authorizing the appeal have been taken, *including the filing of the transcript and assignment of error.*" (Our emphasis).

We cannot agree with appellants' contention that the provision of Rule 2-3, Rules of the Supreme Court of Indiana, providing that "An appeal shall be initiated by filing in the office of the clerk below a praecipe designating what is to be embraced in the transcript", has changed the rule announced in the last-mentioned case.

We are of the opinion that it is the right, duty and responsibility of an appellant to prepare or cause to be prepared his transcript for an appeal to this court in the manner and form which he believes will properly present the questions he seeks to

raise. *Mitchell, Executor, et al.* v. *Beissenherz* (1922), 192 Ind. 587, 591, 135 N. E. 885.

Of course it is the duty of the trial court to certify to the correctness of the bill tendered or to make such corrections as is deemed necessary to make the bill speak the truth. *Huntington et al.* v. *Hamilton et al.* (1946), 118 Ind. App. 88, 69 N. E. 2d 134.

For the reasons herein stated, we hold we do not have jurisdiction to act on the appellants' petition. Therefore, the petition is dismissed.

Crumpacker, C. J.—Not participating.

Draper, J., concurs with opinion.

## CONCURRING OPINION

DRAPER, J.—I agree with the result reached, but I deem it proper to add that in my opinion the appellants' petition should also be denied for another reason. I think the appellants have failed to make a showing entitling them to relief for reasons other than those mentioned in the majority opinion.

The original exhibits which were introduced in evidence are, or should be, in the custody of the trial court. Unless satisfactory substitutions are made, with the permission of the trial court, by the party desiring to make such substitutions, it will be necessary and proper for the court reporter to incorporate the original exhibits in the transcript of the evidence which he is preparing for insertion in the Bill of Exceptions containing the evidence. *Department of Financial Institutions* v. *Neumann* (1940), 217 Ind. 85, 26 N. E. 2d 388. I think it is the responsibility of the trial court to see to it that the reporter does so. *Indianapolis Life*

*Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338.

*Department of Financial Institutions* v. *Neumann, supra,* and *Smith, County Auditor* v. *American Creosoting Company, Inc.* (1943), 221 Ind. 613, 50 N. E. 2d 915, hold that original exhibits may be incorporated in the Bill of Exceptions containing the evidence but they do not, in my opinion, go so far as to decide that some original exhibits may be incorporated whereas others may not, nor in my opinion does the case of *Mitchell, Executor, et al.* v. *Beissenherz* (1922), 192 Ind. 587, 135 N. E. 885, go that far. It seems to me that the court reporter has no authority to decide which original exhibits shall be incorporated and which original exhibits shall not be incorporated. I think it is the reporter's duty to incorporate all of them unless, as above mentioned, substitutions have been made with the permission of the trial court.

I agree it is the responsibility of an appellant to prepare or cause to be prepared his transcript for an appeal to this court in the manner and form which he believes will properly present the questions he seeks to raise, but I also believe this court is empowered to act in aid of its appllate jurisdiction even before the filing of the transcript and assignment of error. We have often done so. I do not read *Hill* v. *Lincoln National Bank and Trust Co. et al.* (1938), 214 Ind. 451, 15 N. E. 2d 1019, as holding otherwise.

If as it appears, the exhibits are too numerous and bulky for insertion between ordinary covers, I think they can be otherwise properly packaged and identified, indexed and certified so as to merit consideration by this court.

I would prefer to base the decision on the foregoing and also on the ground that appellants' petition does

644

not present a case which calls upon us to act in aid of our appellate jurisdiction.

NOTE.—Reported in 85 N. E. 2d 651.