AMBUHL, ETC. ET AL. *v.* MARCY.

[No. 18,871. Filed March 22, 1957.]

*Michael B. Reddington*, Corporation Counsel, *John J. Dillon*, City Attorney and *Mercer M. Mance*, Assistant City Attorney, for appellants.

*Alembert W. Brayton, Kriner & Harman* and *Leo Kriner*, all of Indianapolis, for appellee.

ROYSE, J.—Appellee brought this action for a mandatory injunction against appellants. The cause was submitted to the trial court on appellee's complaint and the answer of appellants. The court found for appellee and ordered appellants to reinstate him as Lieutenant of Detectives in the Indianapolis Police Department. It further restrained appellants from demoting appellee from said rank for any reason occurring prior to said judgment.

Appellants are here attempting to appeal from that judgment. Because of the conclusion we have reached we here set forth the record of this case in this court.

On May 9, 1956 the record and assignment of errors were submitted under Rule 2-14.

June 1, 1956 appellants' petition for time to file their brief was extended to August 7, 1956.

August 7, 1956 appellants filed their brief.

September 6, 1956 appellee filed his brief.

In this brief appellee pointed out that in their concise statement of the record appellants had not set out the contents of the transcript of proceedings before the Board of Public Safety which they had filed in this case; that they did not bring to this court appellee's exhibits introduced in the hearing before said Board; that said transcript does not bear the signature of the Judge and is not included in any bill of exceptions; that appellants did not set out in their brief the substance or contents of their Bill of Exceptions No. 1, to which reference is made in their brief; that the record shows that his complaint and the transcript of the proceedings before the Board of Public Safety were introduced in evidence; that neither of these is copied or otherwise incorporated or in any manner made a part of their Bill of Exceptions; that appellants in their brief indicate the existence of a Bill of Exceptions No. 2 but fail to show that the same was presented to the trial judge; that their condensed recital of the evidence does not include the contents of such Bills of Exceptions or anything therein contained.

On Septeber 21, 1956 appellants filed their reply brief.

In answering the foregoing questions raised by appellee appellants say they were working with a difficult record. They say the transcript of the proceedings was part of the extrinsic record and was filed as a paper in

this cause. They do not state any reason for omitting it from their concise statement of the record. They then assert appellee did not and does not controvert or correct or supply any omissions from the condensed recital of evidence. They then say:

"Appellants accordingly now supply in detail from the Board of Safety Transcript what the Appellee should have supplied, if he complained of any omitted evidence."

They then set out certain evidence heard by the Board.

On October 2, 1956 appellee filed his additional authorities. (These will be referred to hereinafter.)

On October 24, 1956 appellants filed their petition for writ of certiorari and also a petition to amend their original brief.

On October 30, 1956 appellee filed his brief opposing appellants' petitions for a writ of certiorari and to amend their original brief.

On November 1, 1956, as will be hereinafter shown, we inadvertently granted appellants' petitions for a writ of certiorari and to amend their briefs.

On November 5, 1956 appellants filed the amendment to their brief, and on November 15, 1956 the transcript was amended by return on writ of certiorari.

In their petitions to this court for writ of certiorari and to amend their brief appellants did not disclose that at the time said petitions were filed this case had been finally briefed for more than a month. It was only after appellee filed additional authorities, which clearly sustain his contentions as to the inadequacy of the record and appellants' brief, that they sought to correct their error.

Because of the ruling we feel constrained to make in this case it may be well to state the procedure followed in acting on applications for writs of certiorari and

petitions to amend briefs. When such application or petition is filed it is sent by the Clerk of this court to the Chief Judge. Ordinarily such applications or petitions show the status of the case in this court. If the opposing party files objections to the granting of such writ or petition they are also sent by the Clerk to the Chief Judge. While the rules do not now provide how much time a party opposing the granting of such application or petition shall have to file objections, we have generally not acted on such petitions until ten days after they are filed. The petition and any objections thereto are then brought before the court in conference.

Through some inadvertence in the office of the Clerk appellee's brief in opposition to appellants' application for a writ of certiorari and petition to amend brief was not brought to our attention until this case was assigned to the writer for consideration. It now seems clear to us that we acted hastily and unfairly to appellee in granting said application and petition.

As pointed out in appellee's objections, after these matters were called to the attention of appellants in his answer brief they took no steps to immediately seek to have these matters corrected. Instead, they contended in their reply brief that the record was correct and that it was the duty of appellee to furnish any omissions in their condensed recital of the evidence. It was only after appellee cited the cases of *Gilkison et al.* v. *Darlington* (1952), 123 Ind. App. 28, 40, 43, 106 N. E. 2d 473; *Evansville City Coach Lines, Inc.* v. *Roger* (1952), 122 Ind. App. 119, 125, 130, 131, 99 N. E. 2d 435, 102 N. E. 2d 504, (Transfer denied) ; *Waters et al.* v. *Perfect Circle Corporation* (1953), 124 Ind. App. 70, 72, 73, 114 N. E. 2d 436, as additional authorities, that appellant took any action to correct the record and their brief.

It is well settled by the decisions of this Court and the Supreme Court that an appellee is under no obligation

to supply evidence omitted from the condensed recital of evidence in appellant's brief, and that such omissions may not be supplied in the reply brief of appellant. *Evansville City Coach Lines, Inc.* v. *Roger, supra; Holtz* v. *Elgin, Joliet & Eastern Railway Company* (1951), 121 Ind. App. 175, 178, 98 N. E. 2d 245; and authorities cited in those cases.

It seems to us the reasoning which has supported the foregoing rule applies with equal force to petitions to amend, etc. As heretofore indicated, after the deficiencies in the record and the brief of appellants had been called to their attention in appellee's answer brief, they made no effort to then correct those matters. Therefore, we now withdraw our order for a writ of certiorari. The application for the writ is denied, and it is ordered that the return of the Clerk of Marion Superior Court to such writ be stricken from the record. We also withdraw the order permitting appellants to amend their brief and deny said petition. It is ordered that the amendment thereto be deleted.

It is the duty of an appellant to prepare a transcript that complies with the rules of the Supreme Court. *Gilkison et al.* v. *Darlington et al.* (1949) (1952), 123 Ind. App. 637, 641, 85 N. E. 2d 651; *Mitchell, Executor et al.* v. *Beissenherz* (1922), 192 Ind. 587, 135 N. E. 885.

Because of the deficiencies in the record and in appellant's brief, no question is presented.

Judgment affirmed.[1]

NOTE.—Reported in 141 N. E. 2d 139.

1. While we prefer to determine cases on the merits, our regret in this case is mitigated because we are of the opinion the result would have been the same if we could have considered the merits.