FRANTA D/B/A REPUBLIC FURNACE CO., ETC.
*v.* KRIEGER ET AL.

[No. 19,651. Filed March 10, 1965.]

*Levine & Gettinger* and *Robert S. Gettinger* of La Porte, for appellant.

*George A. Pawloski* and *C. T. Kitowski*, of Michigan City, for appellee.

BIERLY, Presiding Justice.—This is a civil action for damages to real estate and personal property in a dwelling house, situated on said real estate, brought by Vernon H. Krieger and Audrey Krieger, his wife, appellees, as owners of said real estate and personal property, against appellant, for carelessness and negligence by appellant in the installation of a furnace in the dwelling, proximately causing a fire in the house and the damages complained of. One Laura Thode was made a party defendant to answer as to her interest, if any.

The issues were closed by appellees filing a second amended complaint for damages for negligence against the appellant, the said Laura Thode being made the party defendant thereto, to which second amended complaint appellant filed an answer in bar asserting that appellees had made an assignment of their said cause of action in tort for damages, hence

appellees were not real parties in interest. Appellees followed by filing a motion to strike said answer in bar and, also, a demurrer to it. Appellant thereafter filed a plea in abatement. to appellees' second amended complaint, therein alleging a defect of party plaintiffs.

Appellant then filed an answer to the second amended complaint in compliance with the rules denying and admitting the allegations contained therein, thus forming the issues as between appellant and the Kriegers, appellees. As to the defendant, Laura Thode, who failed to appeal, the showing was made of her death prior to the trial of this cause and that Robert G. Thode and Audrey Krieger, brother and sister and children of Laura Thode, were determined as successors in interest of the decedent, Laura Thode, in said suit. Said successors in interest filed their separate petitions in said cause, waiving service of notice and disclaiming any interest in this cause of action.

The motion to strike appellant's answer in bar filed by appellees, Vernon H. Krieger and Audrey Krieger, was sustained by the court, and the court also sustained appellees' demurrer to the same answer in bar.

Appellant's plea in abatement was overruled by the court and, thereafter, appellant filed answer.

Trial was to a jury which returned a verdict for appellees, Vernon H. Krieger and Audrey Krieger, as against appellant; and finding against defendants, Robert G. Thode and Audrey Krieger, successors in interest of defendant, Laura Thode, and for appellant, John C. Franta; and, further, that Laura Thode possessed no interest in the property described in this cause of action.

Following the rendition of the verdict, appellant filed a motion for a venire de novo, which the court

overruled and thence rendered judgment on the verdict, as follows:

"We, the jury, find for the plaintiffs as against the defendant, John C. Franta, and assess their damages in the sum of Four Thousand ($4,000.00) Dollars; and we find against the defendants, Robert G. Thode and Audrey Krieger, successors in interest of defendant, Laura Thode, and for the defendant, John C. Franta, and that she, Laura Thode, did not have an interest in the property described in the complaint,"

Appellant is in this case attempting to appeal from that decision. Because of our conclusions reached, we proceed to recite pertinent parts of the record.

The record discloses that the court entered judgment in this cause on February 28, 1961. Appellant filed with the Clerk of the Circuit Court, on May 15, 1961, his praecipe for a transcript to be used on appeal. This action was followed on May 31, 1961, by appellant filing a verified petition with this court for an extention of time within which to file transcript and assignment of errors. Proof of notice to the adverse parties was filed with the petition. This court, on June 6, 1961, granted appellant's petition for extending time for filing transcript up to and including July 31, 1961. Thus 92 days elapsed from the date the court entered judgment to the time the petition for extension of time was filed.

Appellant's verified petition for extension of time asserted that the court entered judgment on March 2, 1961, when, in truth and in fact, it was entered on February 28, 1961; therefore the petition for extension of time was not timely filed.

The applicable part of Rule 2-2 of the Supreme Court, governing the filing of transcripts and petitions for extension of time, reads as follows:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the clerk of Supreme Court within ninety (90) days from the date of the judgment or the ruling on the motion for a new trial (whichever is later), unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. If within the time for filing the assignment of errors and transcript, as above provided, it is made to appear to the Court to which an appeal or review is sought, notice having been given to the adverse parties, that notwithstanding due diligence on the part of the parties seeking an appeal or review, it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the court to which the appeal or review is sought may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors. . . ."

The record before us offers no explanation concerning the discrepancy between the date of judgment as shown by the transcript and the date asserted in appellant's petition for extension of time. This court cannot concern itself relative to an explanation of a discrepancy such as this. Suffice it to state that when this court, on June 6, 1961, granted the petition for extension of time within which appellant may timely file a transcript, it relied entirely upon the accuracy of the verified petition. But in doing so this court inadvertently performed a void act in granting said petition, and appellant cannot profit from such a void order.

The opinion, as given in the case of *Fishback v. Public Service Comm.* (1923), 193 Ind. 282, 138 N. E. 346, 139 N. E. 449, is in point and we quote from page 286 as follows:

where orders made by the court were induced by affidavits, in which a representative of

appellant made statements which, if correct, would have justified the action taken, and it appears from the record that the statements in such affidavits were incorrect, and that the court was not authorized to make such orders, appellant is not entitled to special consideration because he relied upon the orders thus obtained."

Due to the misrepresentation of the date of the judgment as asserted in appellant's verified petition, this court inadvisedly granted appellant's petition on June 6, 1961, and we withdraw said order granting the petition for extension of time and, from the facts shown, now deny the same. *Ambuhl, etc. et al. v. Marcy* (1956). 127 Ind. App. 286, 141 N. E. 2d 139.

The law required that the petition for extension of time should be perfected within ninety days from the time judgment was rendered. It was not perfected until the 92nd day. Therefore, this court lacks jurisdiction in this cause. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §§2471, 2472 (and cases cited).

Appellants having failed to abide by applicable parts of Rule 2-2 of the Supreme Court, we have no alternative but to dismiss this appeal.

Appeal dismissed.

Mote, J. concurs; Smith and Hunter, JJ. concur in result with concurring opinion.

### CONCURRING OPINION

SMITH, J.—This is an action instituted by the plaintiffs Vernon H. Krieger and Audrey Krieger, his wife, against the defendant Joseph C. Franta, appellant herein, to recover damages to a dwelling house, and to certain personal property contained therein, owned by said plaintiffs. The complaint alleged in substance that the defendant negligently and carelessly installed a furnace in said dwelling house which careless and

negligent installation caused a fire in the dwelling house and resulted in the damages complained of.

The cause was tried by a jury and resulted in a verdict for the appellees. Judgment was duly entered on the verdict and from this judgment this appeal has been taken.

From an examination of the transcript it appears that the judgment was entered on February 28, 1961. On May 31, 1961, the appellant filed a verified petition with this court for an extension of time within which to file his transcript and assignment of errors. On June 6, 1961, this court granted appellant's request for an extension of time and extended the time up to and including July 31, 1961. Thus it appears that 92 days elapsed from the date of the judgment until appellant filed his request with this court for extension of time to file his transcript and assignment of errors.

Appellant's verified petition for extension of time asserted that the trial court entered judgment on March 2, 1961, when in truth and in fact the transcript discloses that it was entered on February 28, 1961; therefore the petition for extension of time was not timely filed.

The applicable part of Rule 2-2 of the Supreme Court, governing the filing of transcripts and petitions for extension of time, reads as follows:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the clerk of Supreme Court within ninety (90) days from the date of the judgment or the ruling on the motion for a new trial (whichever is later), unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. If within the time for filing the assignment of errors and transcript, as above provided, it is made to appear to the Court to which an appeal or review is sought, notice having been given to the

adverse parties, that notwithstanding due diligence on the part of the parties seeking an appeal or review, it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the court to which the appeal or review is sought may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors. . . ."

The record before us offers no explanation concerning the discrepancy between the date of judgment as shown by the transcript and the date asserted in appellant's petition for extension of time. When this court, on June 6, 1961, granted the petition for extension of time to file a transcript and assignment of errors, it relied entirely upon the accuracy of the information contained in the verified petition. But in doing so, this court inadvertently performed a void act in granting said petition, and appellant cannot profit from such a void order.

In cases where misleading and incorrect affidavits have induced a court to enter an order, an appellent is not entitled to special consideration because he relied upon an order thus obtained. *Fishback v. Public Service Commission* (1923), 193 Ind. 282, 138 N. E. 346; 139 N. E. 499. In this case the court held in part as follows:

". . . where orders made by the court were induced by affidavits, in which a representative of appellant made statements which, if correct, would have justified the action taken, and it appears from the record that the statements in such affidavits were incorrect, and that the court was not authorized to make such orders, appellant is not entitled to special consideration because he relied upon the orders thus obtained."

Due to the misrepresentation of the date of the judgment as asserted in appellant's verified petition,

this court inadvisely granted appellant's petition on June 6, 1961, and we withdraw said order granting the petition for extension of time and, from the facts shown, now deny the same. See, *Ambuhl, etc. et al. v. Marcy* (1956), 127 Ind. App. 286, 141 N. E. (2d) 139.

Rule 2-2 of the Indiana Supreme Court, supra, requires that a petition for an extension of time for the filing of a transcript and assignment of errors shall be filed within 90 days from the time of the rendition of the judgment. The petition herein was not filed until the 92nd day after the rendition of the judgment; and, therefore, this court lacks jurisdiction to determine this case on its merits. See, Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §§2471, 2472 (and cases cited).

Appellant having failed to abide by Rule 2-2 of the Indinana Supreme Court, this appeal is dismissed

Appeal dismissed.

Hunter, J. concurs in the concurring opinion for the reason that the question to be determined is strictly a jurisdictional question, and there is no reason for a recital of the procedural steps as set forth in the opinion of Judge Bierly.

NOTE.—Reported in 204 N. E. 2d 868.