GOOD ET AL. *v.* WESTERN PULASKI COUNTY
SCHOOL CORPORATION ET AL.

[No. 19,989. Dissenting opinion on Motion to Dissolve Injunction filed June 14, 1963. Opinion on Merits filed September 16, 1965. Rehearing denied October 26, 1965. Transfer denied October 4, 1966. Rehearing on denial of Transfer November 22, 1966.]

## (DISSENT TO OVERRULING OF MOTION TO DISSOLVE INJUNCTION.)

MOTE, C.J.—Respectfully I wish to enter my dissent to the overruling of the motion to dissolve the injunction heretofore entered herein by a Judge of this court on the 20th day of March, 1963, on the verified petition of appellants, so-called, without notice, to appellees, so-called, in aid of the appellate jurisdiction of this court.

We can assume all of the statements of fact contained in the verified petition for injunction to be true; nevertheless, such statements are not sufficient, in my judgment, to warrant the unusual relief both sought and granted.

If we correctly understand the record the parties who sought the injunction on their verified petition likewise sought an injunction in the trial court, which was denied by the trial court.

The petition for injunction shows that a motion for a new trial was denied by the trial court on March 16, 1963.

The transcript and assignment of errors had not been filed in this court on the date the injunction was issued.

It seems to me that appellants, so-called, could have had relief during the interim between the initiation of an appeal by filing the praecipe for a transcript of the record and filing the same with an assignment of errors in this court by the use of facilities provided to them by statute, namely, by an appeal bond or, in the alternative, by supersedeas proceedings. I think it is incongruous for this court to relieve these, or any parties, in any litigation from a requirement to follow statutory provisions provided to them.

This court is a court of appellate jurisdiction, not a nisi prius court, and to invest this court with jurisdiction parties must follow the statutes.

In the case of *Hill* v. *Lincoln National Bank & Trust Co., et al.* (1938), 214 Ind. 451, 453, 15 N. E. 2d 1019, our Supreme Court said:

"This court does not acquire jurisdiction until all the steps required by the statute authorizing the appeal have been taken, including the filing of the transcript and assignment of error. . . ."

As reported in *Gilkison, et al.* v. *Darlington, et al.* (1953), 123 Ind. App. 637, 85 N. E. 2d 651, this later case went on to discuss a Rule as Follows:

"We cannot agree with appellants' contention that the provision of Rule 2-3 Rules of the Supreme Court of Indiana, providing that 'An appeal shall be initiated by filing in the office of the clerk below a praecipe designating what is to be embraced in the transcript,' has changed the rule announced in the last-mentioned case."

Continued the court:

"We are of the opinion that it is the right, duty and responsibility of an appellant to prepare or cause to be prepared his transcript for an appeal to this court in the manner and form which he believes will properly present the questions he seeks to raise. *Mitchell, Executor, et al.* v. *Beissenherz* (1922), 192 Ind. 587, 591, 135 N. E. 885."

In a concurring opinion in the *Gilkison* case Judge Draper, speaking for this court, stated:

"I agree it is the responsibility of an appellant to prepare or cause to be prepared his transcript for an appeal to this court in the manner and form which he believes will properly present the questions he seeks to raise, but I also believe this court is empowered to act in aid of its appellate jurisdiction even before the filing of the transcript and assignment of error. We have often done so. I do not read *Hill* v. *Lincoln National Bank and Trust Co. et al.* (1938), 214 Ind. 451, 15 N. E. 2d 1019, as holding otherwise."

Judge Draper did not cite any authorities in support of the statements above, to-wit: "I also believe this court is empowered to act in aid of its appellate jurisdiction even before the filing of the transcript and assignment of error. We have often done so." From our investigation it appears to be a fair conclusion that writs of mandate will issue properly from this court where parties seeking to appeal hereto are prevented from so doing because of what may be called a whim

or caprice of a trial judge in refusing to sign the transcript or, due to some other act which will permit an appeal to this court. We should think that a petition to this court under such circumstances would be in aid of the appellate jurisdiction of this court.

In *State, ex rel.* v. *Woodhull* (1901), 27 Ind. App. 576, 578, this court said:

> "The general rule is said to be that an appeal must be pending or the auxiliary jurisdiction of the appellate tribunal can not be successfully invoked, and that this general rule rests upon the principle that until the case is appealed the appellate tribunal has no power to make any order concerning the controversy. In Elliott's App. Proc. § 507, the author says: 'If it is within his power to file the transcript, assign errors and issue notice, he must do so before asking the court to assist him in securing an appeal. After he has done all that he can do unassisted to bring the case into the appellate tribunal, that tribunal will help him by removing obstacles wrongfully placed in his way and by compelling courts and officers to perform the duties enjoined by law.'
>
> "There are necessarily exceptions to the above rule. If the trial court should refuse to take such steps as are necessary to enable the party to secure or to perfect an appeal the appellate tribunal will grant relief. It is manifest that appellate jurisdiction includes the power to assist a party to perfect an appeal by removing obstacles to appeals, and to compel a decision by an inferior tribunal. But the soundness of the rule itself is illustrated in the present case. It is not shown by the petition that the trial court has done anything to prevent the relators from filing the transcript, assigning errors, and giving notice. . . ."

This case had to do with mandate but it appears to us that the language from which we have quoted in the opinion can lead to but one conclusion, namely, that the petition for injunction would at least have to set forth that those seeking injunction had taken every reasonable step to have on file the transcript of the record and the assignment of errors before a proper request could be made for injunction. The petition is completely devoid of such facts.

But for this court to conclude that it has the justifiable or statutory right on a petition for injunction before an appeal is pending herein, to issue without notice in the manner the same was issued is incomprehensible to me. By so doing, I think, this goes far beyond the power of this court.

We recognize that there is an hiatus in this matter, but no harm could be done during the same had the parties who sought and were granted the injunction availed themselves of the statutory protection provided to them, namely, the filing of an appeal bond or subsequently in obtaining relief through supersedeas proceedings.

We do not know of any reason why the parties who sought and were granted the injunction are relieved of the requirement to provide a bond. I know of no cases where trial courts will issue even a temporary restraining order without bond, and we have failed to find any support for the issuance of a temporary injunction to parties in the category of those who sought and were granted the injunction without bond. Those who sought and were granted the injunction stated in their petition that irreparable harm would be done without the issuance of such injunction, but it appears the issuance of the injunction may do irreparable harm to those who have been enjoined.

It may be argued that the failure to issue an injunction by the trial court after hearing the proceeding on the merits was a negative decision. We can answer such a proposition only by stating that no action is negative if it restrains free men from doing something affirmatively.

It likewise may be argued that the injunction properly was issued to maintain the status quo of the parties. How can it be said properly at this time that the status quo of the parties should be maintained? But if it should be maintained there is ample provision in the statutes for maintaining the status quo, to-wit: filing an appeal bond or, in the alternative, the filing of a petition for supersedeas which would require the setting and approving of the supersedeas bond.

We think it is noteworthy that those for whom the injunction was issued in this court later filed additional instruments and representations apparently designed to strengthen the original petition and the one upon which the injunction was issued. What did they file? A certified judgment of the trial court, and an affidavit concerning facts by the Treasurer of Pulaski County School Corporation, the same being the County Board of Education of Pulaski County. We do not believe that such additional documents would be enough for the court to grant the relief which was given, but we think it does show the weakness of the position assumed.